## COLEMAN TULLY AND EDWARD DURKIN *v.* ARCHIE HARLOE.

EVIDENCE AS TO ALLEGATION ADMITTED IN ANSWER.—If the answer in replevin
admits the value of the property averred in the complaint, evidence should not
be admitted as to its value.

WHEN ERROR NOT GROUND FOR NEW TRIAL. — If the Court erroneously allows
respondent to introduce evidence upon a matter not denied in the answer, but
the appellant is not prejudiced thereby, a new trial will not be granted.

MORTGAGE TO SECURE FUTURE ADVANCES NOT FRAUDULENT.—A note and mort-
gage given in good faith for a greater sum than is due by the mortgagor to the
mortgagee, to secure both a present indebtedness and future advances to be
made by the mortgagee, is not fraudulent in law as to the creditors of the mort-
gagor because given for a greater sum than is due, even though the mortgage
does not express upon its face that the excess is for future advances.

MORTGAGE TO SECURE FUTURE ADVANCES.—A mortgage given in good faith for
the purpose of securing future advances expected to be made, is a good and valid
security. Such mortgage need not express its object upon its face, although it
is better it should.

FRAUDULENT MORTGAGE.—A mortgage knowingly given for a sum greater than
is due, and not in good faith, as a pretended security for future advances, is
fraudulent in law as to the creditors of the mortgagor.

EVIDENCE OF VALUE OF PROPERTY IN REPLEVIN.—In replevin evidence may be

admitted of the highest market value of the property between the time of conversion and trial.

Fraudulent Intent a Question of Fact.—The question whether a mortgage given for a greater sum than is due was given in good faith, both for a present indebtedness and to secure future advances to be made, is one of fact for the jury under proper instructions from the Court.

Appeal from the District Court, Fourth Judicial District, City and County of San Francisco.

Replevin to recover possession of thirteen hundred and sixty-three sacks of oats. Silas Hogle had rented a tract of land from James G. Denniston, in San Mateo County, and in April, 1863, had growing thereon over one hundred acres of oats. At the time last mentioned he executed to the plaintiffs, upon the growing crop, the mortgage mentioned in the opinion of the Court. The plaintiffs claimed to have taken possession of the crop, and harvested it. After the grain had been sacked, Hogle gave Denniston a bill of sale of it for an indebtedness to him of about two thousand dollars. Denniston shipped the oats to San Francisco on a schooner commanded by the defendant Harloe, and when the vessel arrived at San Francisco this suit was commenced.

The jury found that the value of the property at the time of the commencement of the suit was one thousand three hundred and fifty-four dollars and thirty-one cents, and that the highest value of the property since the commencement of the action was two thousand eight hundred and eighty-seven dollars and forty-nine cents, and gave a general verdict for the plaintiffs. The defendant raised the point that the Court below erred in the admission of the market value of the oats at the time of the rendition of verdict, and after the conversion claiming that evidence was only admissible of the market value at the time of the conversion, and legal interest. The Court do not notice this point. The defendant appealed.

The other facts are stated in the opinion of the Court.

*Sharp & Lloyd,* for Appellant.

The verdict and judgment should be set aside because of the admission of evidence of the market value of the property at the time of the rendition of the verdict. The value was not in issue under the pleadings, and evidence to prove that which was not in issue was incompetent and irrelevant, and, as the sequel shows, highly prejudicial to defendant.

Besides, it was in direct violation of the rule of damages in this class of cases, so repeatedly laid down by this Court. The damages to which plaintiffs were entitled, if entitled to any, was the value of the property at the time of the conversion, with legal interest thereon up to the rendition of the verdict. (*Cassin* v. *Marshall,* 18 Cal. 689; *Pelberg* v. *Gorham,* 23 Cal. 349; *Phelps* v. *Owens,* 11 Cal. 22; *Dorsey* v. *Manlove,* 14 Cal. 553.)

Hence, at most, judgment should be given and entered on the special verdict for the sum of one thousand three hundred and fifty-four dollars and thirty-one cents, the value of the property at the time it came to the possession of defendant, as averred in the complaint. In *Divver* v. *McLaughlin,* 2 Wend. 600, a mortgage of personal property was given for eight hundred dollars to secure an indebtedness of one hundred and fifty dollars. The Court say:

"The mortgage is for eight hundred dollars, whereas the indebtedness did not exceed one hundred and fifty dollars, and was probably not over one hundred dollars. The mortgagor did not know the amount; the mortgagee was security for the rent, but to what amount does not appear—and he was to make future advances, but how much does not appear. Nothing appears in this mortgage *to show that it was intended as a security for liabilities incurred or advances to be made,* and it has been decided that a mortgage is no security for subsequent advances made on the strength of a parol engagement. (1 Mer. 7; 2 Cowen, 293.) Under what circumstances a mortgage of chattels personal, to secure future advances expressed in the deed, would be valid, is not a question now necessary to be discussed. The mortgage, then, upon its execution was

void against creditors, upon the principle just stated, for so much as was intended to cover responsibilities and advances."

The Court further observes, and the observation is peculiarly applicable to the mortgage in the case at bar: "The deed itself gives a false account of the transaction it recites. It holds out the mortgagee was a creditor of the mortgagor for eight hundred dollars, when in truth he was so only for one hundred and fifty dollars."

*Elisha Cook*, for Respondents.

The point that the Court erred in allowing evidence of the highest market value of oats, is not well taken. It is the correct rule of damage, as held by this Court in *Douglass* v. *Kraft*, 9 Cal. 562, and in *Hathaway* v. *Hammer*, 33 Cal. 117.

The other point is, that the mortgage was fraudulent in its inception, because it was given not only for an indebtedness then due, but to cover future advances. It is well settled now by many authorities that a mortgage for future advances, although in itself it does not so state, is good as against any subsequent mortgage. In *Collins* v. *Carlile*, 13 Illinois, 254, it is so held, and all the authorities elsewhere upon the subject are there collected. It will be seen that the plaintiffs gave Hogle credit for the balance and the right to draw immediately. Consequently, the three thousand dollars was the true consideration.

Denniston had constructive notice by the recording, and he could not have been injured or prejudiced in any event. He contracted a subsequent debt with full knowledge of the existence of a mortgage calling for three thousand dollars, and he could by inquiry at any time have ascertained the state of accounts between the plaintiffs and Hogle.

Mr. Justice Trumbull, in the case last cited, says: "It would have been proper for the mortgage in this case to have stated the true consideration for which it was given; but the omission to disclose the true transaction on the face of the mort-

gage will not make it invalid, unless some one has been prejudiced by the misrepresentation."

The cases cited by the learned counsel are not analogous. In the case, (8 Wend.,) there was no excuse or reason given for taking a mortgage for three times the amount of the debt; and the same in 2 Wend., a mortgage for eight hundred dollars was given to secure one hundred and fifty dollars, and probably only one hundred dollars. There was no proof that any future advances were to be made or had been made; and so far as that case suggests that a mortgage for future advances, not so expressed, could not be upheld, it is entirely *obiter dicta*, and is against the whole current of authorities.

By the Court, SANDERSON, J. :

1. The judgment was for a larger sum than was claimed at the commencement of the action, but it appears from an amendment which has been made to the transcript, by leave of this Court granted since the filing of the appellant's opening brief, that the complaint was amended by leave of the District Court before the commencement of the trial, and that the amount claimed by the amended complaint was in excess of the sum for which judgment was given. This amendment of the transcript has, therefore, obviated the objection of the appellant to the judgment, whether meritorious or not, on the ground that it is in excess of the amount sued for.

2. The objection of the appellant to the admission of evidence as to the value of the property in suit should have been sustained, for the value alleged in the complaint was not denied by the answer, and, therefore, there was no issue as to the value to be tried. But the appellant was not prejudiced by the respondents going into evidence as to the value. On the contrary, had they not done so, they would have been entitled to a verdict for the full amount alleged in the complaint.

The claim, in this connection, that the Court mistook the

measure of damages, can have no place in the consideration of the case. There was no such question involved in the case. As already suggested, there was no issue as to the value of the property; there could, therefore, be no question as to the amount which the respondents were entitled to recover, if they recovered at all. The property was alleged to be of the value of three thousand four hundred and seventy-five dollars by the respondents, which was not denied by the appellant, but admitted because it was not denied. The verdict and judgment was for two thousand eight hundred and eighty-seven dollars and forty-nine cents, which is five hundred and eighty-seven dollars and fifty-one cents less than the amount which the respondents were entitled to recover, if they recovered at all. The Court undoubtedly erred in going into the question as to damages at all, but as the appellant gained a saving of five hundred and eighty-seven dollars and fifty-one cents by the error, we are unable to perceive why he should complain.

3. The principal question involved in the case, and perhaps the only one requiring special notice, relates to the alleged fraudulent character of the mortgage, under which the respondents claimed a right to the possession of the property in suit.

Upon its face the mortgage was for the sum of three thousand dollars, but the amount actually due from Hogle to the respondents at the time the mortgage was given was only one thousand seven hundred and four dollars and twenty cents. The excess of the mortgage over the debt was taken as security for future advances, as claimed by the respondents, but there was no statement to that effect contained in the mortgage itself. In view of the fact that the mortgage was given in part to secure future advances, without its being so stated upon the face of the mortgage, it is claimed on the part of the appellant that, as a matter of law, the mortgage was fraudulent, and void *ab initio* as against the creditors of Hogle, of whom Denniston, the bailor of the appellant, is

alleged to have been one. This proposition, however, is not sustained by the cases cited in its support.

*Taaffe* v. *Josephson*, 7 Cal. 352, involved the validity of a judgment by default in an attachment suit upon four promissory notes, one of which was not due, and it was held that the entire judgment was fraudulent and void as against subsequent attaching creditors of the defendant in the judgment, under the twentieth section of the Statute of Frauds.

In *McKenty* v. *Gladwin, Hugg & Co.*, 10 Cal. 227, the question was whether a note drawing interest from date, which had been antedated, was fraudulent as to creditors, and it was held that it was.

In *Scales* v. *Scott*, 13 Cal. 76, it was held that a judgment upon a note which was given in advance of a portion of the consideration and drew interest on the whole sum from date, was void as against creditors, for the reason given in *McKenty* v. *Gladwin, Hugg & Co.*

In *Wilcoxson* v. *Burton*, 27 Cal. 228, it was held that the execution and delivery of a note by a debtor to his creditor for a sum greater than is actually due, for the purpose of defrauding other creditors, and a voluntary confession of a judgment thereon, renders the judgment fraudulent and void as to other creditors.

In *Divver* v. *McLaughlin*, 2 Wend. 600, a mortgage was given for eight hundred dollars to secure an indebtedness of not more than one hundred and fifty dollars, and probably not more than one hundred dollars. In *Bailey* v. *Burton*, 8 Wend. 339, a mortgage for three hundred dollars was given upon property worth five hundred dollars, to secure a liability for one hundred dollars, incurred by the mortgagee in behalf of the mortgagor. Both were held to be fraudulent.

Thus it appears that in none of these cases was the question as to the validity of a note or mortgage, given to secure future advances, involved. They merely establish the doctrine that a note or mortgage given for a greater sum than is due is void in any event, so far as the excess is concerned, and *in toto* unless satisfactorily explained.

It is well settled that a mortgage or judgment made or taken in good faith, for the purpose of securing future advances, or debts expected to be contracted in the course of dealings between the parties, is a good and valid security. (4 Kent's Com. 175; *Commercial Bank* v. *Cunningham,* 24 Pick. 274; *United States* v. *Hoe,* 3 Cranch, 73; *Brinkerhoff* v. *Marvin,* 5 Johns. Ch. 326; *Frye* v. *Bank of Illinois,* 11 Ill. 381.)

It is also well settled that a mortgage given to secure future advances need not express the object upon its face, though it would be better if it did. (*Shirras* v. *Caig,* 7 Cranch, 34; *Craig* v. *Tappin,* 2 Sandf. Ch. 78; *Lyle* v. *Ducomb,* 5 Binney, 585; *Stover* v. *Herrington,* 7 Ala. 143.)

The true principle deducible from the foregoing cases seems to be, that a mortgage knowingly and intentionally given and taken for a larger amount than is due, and not as security for future advances, is fraudulent as against the other creditors of the mortgagor; but that a mortgage given in good faith, in whole or in part to secure future advances, whether the object be expressed in the mortgage or not, is valid to the extent of the lien therein expressly created. It must show upon its face the utmost amount intended to be secured, but it need not show whether that amount represents an existing debt or future advances.

A mortgage which misrepresents the transaction between the mortgagor and mortgagee, is liable to suspicion, and ought to be critically examined; but if, upon investigation, the real transaction turns out to be fair, and to have been had in good faith, it would be unjust to deprive the person claiming under it of his equitable rights. It is always better, however, for obvious reasons, that the mortgage should be drawn so as to show the true object and purpose of the transaction, for suspicion is engendered by misrepresentation, but disarmed by a statement of the truth. (*Shirras* v. *Caig,* 7 Cranch, 34.)

4. It is provided by the twenty-third section of the Statute of Frauds that in all cases arising under its provisions the question of fraudulent intent shall be deemed a question of

fact and not of law. The question whether the mortgage was taken in good faith to secure an existing debt and future advances to the amount, both included, of three thousand dollars, or with intent to hinder or delay the other creditors of Hogle, was for the jury to determine, under proper instructions from the Court. The instructions of the Court have not been brought up, and it must, therefore, be assumed that they were in all respects consistent with the law of the case.

Upon the evidence alone, either in respect to the question of fraudulent intent or the immediate delivery of the crop when harvested, we cannot disturb the verdict.

Order denying a new trial affirmed.

Mr. Justice RHODES did not express an opinion.