[No. 2,593.]

## J. T. LAWRENCE, E. W. MERRITT, B. W. ADAMS, SAMUEL STRONG, and T. E. CAREY v. J. H. NEFF.

INSOLVENT'S CONVEYANCE TO CERTAIN CREDITORS, FOR THEMSELVES AND OTHERS, NOT "ASSIGNMENT FOR BENEFIT OF CREDITORS."—Where Stanford, being in insolvent circumstances and largely indebted, conveyed, by an instrument in writing, certain valuable personal property to five persons, as a committee appointed by and representing themselves, and about ninety-five of his other creditors, reserving in himself a right to redeem in six days; and, at the same time, he delivered possession of the property, and the said creditors gave him receipts in full; *held*, that the instrument and transaction was not an "assignment for the benefit of creditors," within the meaning and prohibition of section thirty-nine of the insolvent law (Stats. 1852, p. 69.)

PREFERENCES OF CREDITORS BY INSOLVENTS.—There is nothing in section thirty-nine of the insolvent law (Stats. 1852, p. 69) prohibiting an insolvent debtor from conveying his property absolutely, or by way of security, directly to one or more of his creditors, to the exclusion of the remainder.

INSOLVENT ACT, SECTION THIRTY-NINE—"ASSIGNMENT FOR BENEFIT OF CREDITORS."—Section thirty-nine of the insolvent law (Stats. 1852, p. 69) was aimed wholly at "assignments for the benefit of creditors;" but a conveyance to the creditor himself is not an "assignment," in the sense of the statute.

APPEAL from the District Court of the Fourteenth Judicial District, Placer County.

C. P. Stanford, at the time he executed the instrument referred to in the opinion (August, 1869), was carrying on the Coldstream Sawmill, in Placer County. The plaintiffs to whom, and the other persons for whose benefit also, he made the conveyance, were his employés. Among his other creditors was "The Contract and Finance Company," which, about the time of the transfer above referred to, commenced a suit against him, in the Sixth District Court for Sacramento County, for thirty-one thousand five hundred and ninety-two dollars and eighty-seven cents. An attachment was issued and transmitted to the defendant, the

Sheriff of Placer County, who levied upon and took into his possession and out of the possession of the plaintiffs, the property so conveyed to them, consisting of lumber, cattle, wagons, saws, and other personal property, estimated at six thousand eight hundred and sixty-four dollars and ninety-seven cents.

Plaintiffs then commenced this action against the Sheriff for a return of said property or its value, and damages. On the trial, after they had presented their proofs, defendant moved for a nonsuit, upon the ground that the transfer was void under section thirty-nine of the Insolvent Act, as an assignment for the benefit of creditors. The motion being sustained and judgment entered for defendant, and motion for new trial overruled, plaintiffs appealed.

*Fellows & Norton,* for Appellants.

A debtor has an undoubted right to convey all his property to any one of his creditors, in satisfaction of his debt; and there is nothing in the insolvent law to prohibit such a preference. (*Dana* v. *Stanford,* 10 Cal. 275; *Morganthaw* v. *Harris,* 12 Cal. 247; *Wellington* v. *Sedgwick,* 12 Cal. 474; *Gladwin* v. *Gladwin,* 13 Cal. 332; *Forbes* v. *Scannell,* 13 Cal. 242; *Le Cacheaux* v. *Cutter,* 6 Cal. 519.)

But, we submit, that the instrument in writing offered by the plaintiffs was not, tested by the spirit, intent, and true meaning of the law, an "assignment." (*Treadwell* v. *Davis,* 34 Cal. 601.) It was a chattel mortgage. (*Wright* v. *Ross,* 36 Cal. 414.)

*S. W. Sanderson,* for Respondent.

Stanford being insolvent, the assignment in question was void under section thirty-nine of the insolvent law, as against the Contract and Finance Company, which was a creditor of Stanford at the date of the assignment, and therefore in a position to attack it. (*Chever* v. *Hays,* 3 Cal. 471; *Adams* v.

*Wood*, 8 Cal. 152; *Morganthaw* v. *Harris*, 12 Cal. 245.) The instrument was not a mortgage, as contended upon the other side, but an assignment within the meaning of the insolvent law, because it created a trust in favor of third persons. (*Dana* v. *Stanford*, 10 Cal. 269; *Wellington* v. *Sedgwick*, 12 Cal. 469.)

By the Court, CROCKETT, J.:

The only question in this case is whether the instrument from C. P. Stanford to the plaintiffs is void under section thirty-nine of the Act of May 4th, 1852, for the relief of insolvent debtors and protection of creditors. (Stats. 1852, p. 69.)

It appears that Stanford, being in insolvent circumstances and largely indebted to about one hundred laborers, including the plaintiffs, proposed to turn over to them certain personal property in satisfaction of, or as security for, their several demands; that, thereupon, the laborers held a meeting, acceded to the proposition, and appointed the plaintiffs as a committee to accept the transfer in behalf of the whole; that, in pursuance of this arrangement, the instrument in question was executed and delivered by Stanford, accompanied by an immediate transfer of the possession of the property to the plaintiffs; that, upon the execution and delivery of the instrument, all the laborers gave to Stanford receipts in full for their respective demands.

This instrument purports, on its face, to have been made in consideration of " ten thousand dollars, more or less, money due to the men whose names are hereunto annexed as creditors, for labor performed;" and then proceeds to convey the property absolutely to plaintiffs, "a committee appointed by the creditors, whose names are appended hereto, to hold said property in trust for them, * * * reserving to myself the right to redeem said property

within six days from this date, by paying to the parties whose names are hereto annexed the sum of money set opposite each man's name." It further appears that no redemption was made within the six days; and the defendant, as Sheriff of Placer County, seized the property under attachments issued at the suit of other of Stanford's creditors, who claim that the transfer to the plaintiffs was an assignment in trust for creditors, within the meaning of section thirty-nine of the Act above cited, and was, therefore, void.

It is quite clear that if the instrument had been made directly to all the creditors, whose names are appended to it, it would have come fully and precisely within the principles decided in *Dana* v. *Stanford*, 10 Cal. 269, and would have been upheld as a valid conveyance. There is nothing in section thirty-nine of the insolvent law prohibiting an insolvent debtor from conveying his property absolutely, or by way of security, directly to one or more of his creditors, to the exclusion of the remainder, as was decided in *Dana* v. *Stanford*, and several subsequent cases. That section was not intended to abridge the right of an insolvent debtor to convey his property to one or more of his creditors, in satisfaction of, or as a security for, their demands, but was aimed wholly at "assignments" for the benefit of creditors; and a conveyance to the creditor himself is not an "assignment" in the sense of the statute. The policy which dictated this section, and the character of assignments which it was intended to forbid, are discussed, with learning and ability, by Justice Field, in *Dana* v. *Stanford;* and I fully assent to the conclusions at which he arrived. In my opinion, the instrument in question here is not an "assignment" in the sense of this section, as expounded in *Dana* v. *Stanford*, nor within the evils which it was intended to prevent. This

conveyance is made directly to a portion of the creditors; and so far as *their* rights are concerned, the case is fully and clearly within the decision in *Dana* v. *Stanford.* If any part of it is void, because in contravention of the statute, it is only that portion which relates to the other creditors, whose names are appended to it, but who are not parties to it; and if void as to them, it is, nevertheless, valid as to the plaintiffs, whose rights are readily severable from those of the other creditors. As to them, it is a conveyance to them directly, in payment of, or as a security for, their several demands, which can be easily separated from the claims of the other creditors. The nonsuit was, therefore, improperly granted, even though it be conceded that the instrument was void, so far as it was intended to protect the rights of other creditors.

But, in my opinion, no portion of it is void. It is not an "assignment" in the sense of the statute, but is either an absolute sale and conveyance, in satisfaction of the enumerated debts, with a right to the vendor to repurchase within the stipulated time, or it is a mortgage made to the plaintiffs, partly to secure their own debts, and partly in trust to secure the demands of the other enumerated creditors. In either event, the transaction is wholly different, both in form and in its legal effect, from an assignment. If it be an absolute sale, with a right to repurchase, the title vested absolutely in the plaintiffs, and the debts due to the enumerated creditors, were wholly and finally extinguished. On the other hand, if it be a chattel mortgage, the title of the mortgagee became absolute at law, on condition broken, with a right of the mortgagor to redeem, under appropriate proceedings in equity. These are not elements in an assignment for the benefit of creditors. In whatever light, there-

fore, this conveyance may be viewed, it is not obnoxious to the objections urged against it.

Judgment reversed, and cause remanded for a new trial. ·

Mr. Chief Justice RHODES did not participate in the foregoing decision.