[No. 5,985.]

# HANSEN v. MARTIN.

EVIDENCE—RELEVANCY OF EVIDENCE.—Certain evidence held to be relevant.

ID.—CROSS-EXAMINATION.—A question was put to a witness by the plaintiff, on cross-examination, and an objection being overruled, the defendant excepted. *Held*, not to be error, because it did not appear that the question was answered, and because—the direct examination not being in the transcript—it did not appear but that the direct examination of the witness by the defendant laid a foundation for the question.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the Third District Court, City and County of San Francisco.

*W. H. Tompkins*, for Appellant.

*Wise & Mhoon*, for Respondent.

Department No. 2, MYRICK, J.:

This was an action founded upon an alleged verbal contract relating to the purchase, for joint account, of stock of the Justice Mining Company, and other companies. The case was tried by a jury. Plaintiff had judgment; defendant moved for a new trial, which was denied, and defendant appealed.

Three alleged errors are relied upon by appellant:

1st. Plaintiff, being examined on his own behalf, was asked, "How much of the Knickerbocker stock did defendant buy under your advice?" Defendant objected. The question was asked with the avowed object, not to claim anything for Knickerbocker stock, but to show the connection between the parties, and their relations and actions growing out of the contract alleged. The Court overruled the objection; no exception was taken. The answer, "He bought some, he told me so," could not have prejudiced the defendant; on the contrary it might tend to show the relations of the parties, viz., that they were dealing in stocks, and it was therefore relevant.

2nd. Question addressed to plaintiff: "Did you obtain employment as purser on the steamship *Salvador*, on the 22nd day of August, 1874?" Defendant objected; the objection was

overruled; no exception taken. The answer was given, which was matter of inducement to the alleged contract. At a subsequent period in the trial, defendant moved to strike out the testimony, which motion was denied, and defendant excepted.

Even if the testimony had been irrelevant and immaterial, its retention is not ground for granting a new trial, unless it appear that the party was prejudiced by it. (*Tully* v. *Harloe*, 35 Cal. 302.) But we are of opinion that the testimony was relevant for the purpose for which it was offered.

3rd. The third alleged error is, as to a question put to the witness Barney, on cross-examination. Defendant objected to the question, the objection was overruled, and defendant excepted. It does not appear from the transcript that the question was ever answered; neither does it appear but that the direct examination of the witness by the defendant laid a foundation for the question. No direct examination of the witness is in the transcript.

Judgment and order affirmed.

THORNTON, P. J., and SHARPSTEIN, J., concurred.