| 56  | 217 |
| 89  | 183 |
| 56  | 217 |
| 91  | 123 |
| 91  | 124 |
| 56  | 217 |
| J110 | 336 |
| 56  | 217 |
| 128 | 226 |

[No. 6,503.—Department Two.]

## TOWNSEND WOOD v. CHRIS. FRANKS.

CHATTEL MORTGAGE—DAMAGES.—If an officer, under process, seizes personal property mortgaged, without paying or tendering the amount due, the detriment proximately caused by the seizure is not the value of the property, but the amount of the mortgage debt; and this detriment the officer, in seizing the property, assumes to make good.

APPEAL from a judgment for the defendant in the Twentieth District Court, County of Monterey.

*S. M. Swinnerton,* and *S. F. Geil,* for Appellant, cited Civ. Code, §§ 2968, 2969.

*Wm. H. Webb,* and *James A. Wall,* for Respondent, cited Civ. Code, §§ 3274, 3281, 3282, 3333, 3336, 3338; *Douglass* v. *Kraft,* 9 Cal. 562; *Hamer* v. *Hathaway,* 33 id. 117; *Page* v. *Fowler,* 39 id. 421.

MYRICK, J.:

Plaintiff was the holder of a chattel mortgage of growing crops, made by one Heron to secure the payment of a promissory

note for $1,487.25 and interest, which mortgage was recorded. The defendant was sheriff, and as such, there was placed in his hands a writ of attachment against the property of Heron at the suit of another person. As such sheriff, the defendant, without paying, tendering, or depositing the amount of plaintiff's debt, seized the property mortgaged by virtue of the writ of attachment. Plaintiff demanded payment of his debt, and payment was refused by defendant. Plaintiff thereupon brought this action to recover the amount due him on the note and mortgage for principal and interest. Defendant demurred to the complaint, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff declining to amend, judgment went for defendant. Plaintiff appealed.

The statutes of this State applicable to this controversy are found in the Civil Code; viz.:

Sec. 1,427. An obligation is a legal duty, by which a person is bound to do or not to do a certain thing.

1,428. An obligation arises either from (1) the contract of the parties or (2) the operation of law. An obligation arising from operation of law may be enforced in the manner provided by law, or by civil action or proceeding.

2,968. Personal property mortgaged may be taken under attachment, or execution issued at the suit of a creditor of the mortgagor.

2,969. Before the property is so taken, the officer must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county clerk or treasurer, payable to the order of the mortgagee.

3,333. For the breach of an obligation not arising from contract, the measure of damages, except where otherwise provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.

Thus it will be seen that wherever there is an obligation arising from operation of law, and a breach of that obligation, the party injured may, by action, recover the amount which will compensate him for all the detriment proximately caused

by the breach. It will also be seen that the law casts upon an officer the duty or obligation of paying to a mortgagee the amount of the debt due the mortgagee before he, the officer, may take the property. If an officer seizes personal property mortgaged, without paying, tendering, or depositing the amount due, the detriment proximately caused by such seizure is not the value of the property seized, but the amount of the mortgage debt. The officer is not bound to make the seizure unless the attaching creditor furnish him with the requisite funds to make the payment; a failure to furnish the funds would be a good defense by the officer in a suit against him by the attaching creditor. If, however, the officer, waiving his right to be protected, seizes the property without payment, tender, or deposit, he assumes to make good to the mortgagee the detriment caused by the seizure; and the mortgagee is not left to his action of trover or replevin. Indeed, it might be that he would not be in a position to maintain either of those actions.

Judgment reversed, and cause remanded, with directions to overrule the demurrer, and that defendant have leave to answer within ten days after notice of the order overruling the demurrer.

SHARPSTEIN, J., and THORNTON, J., concurred.