[No. 8326. Department One.— May 19, 1885.]

TOWNSEND WOOD, RESPONDENT, v. CHRIS. FRANKS, APPELLANT.

PARTNERSHIP — ASSUMPTION OF FIRM NOTE— CONSIDERATION. — A promise by one partner to assume the payment of a note executed in favor of the firm, and to charge himself with the amount thereof on the firm books, is a sufficient consideration to sustain a transfer of the note to him by the partnership.

INSOLVENT — TRANSFER OF PROPERTY TO CREDITOR — FRAUDULENT CONVEYANCE. — Neither part ii., title iii., of the Civil Code, nor the statute of frauds, prevent a debtor, admittedly insolvent, from transferring his property directly to his creditor, either absolutely in payment of his debt, or as security by way of mortgage.

ID. — CHATTEL MORTGAGE — FUTURE ADVANCES — QUESTION OF FRAUD FOR JURY. — A chattel mortgage given for a greater sum than is due by the mortgagor to the mortgagee, to secure both a present indebtedness and future advances, is not fraudulent in law as to creditors of the mortgagor, because given for a greater sum than is due, even though the mortgage does not express upon its face that the excess is for future advances. Whether such mortgage was given in good faith is a question for the jury.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

On the 7th of May, 1878, Peter Heron was indebted to the firm of Wood, Dutcher & Co., J. K. Alexander, Goodall, Perkins & Co., and the Salinas City Bank, in the aggregate sum of $1,487.25. Being desirous of paying the same, he executed to the firm of Wood, Dutcher & Co. his promissory note for that amount, under an agreement that the payee should assume and

pay the indebtedness to the other creditors named above.   On the same day Wood, Dutcher & Co. transferred the note to the plaintiff.   Subsequently Heron executed to Wood, to secure the payment of the note, a chattel mortgage on his growing crops, which was duly recorded.   A few hours afterwards Wood charged himself on the firm books with the full amount of the note and mortgage, and thereupon paid all of the assumed claims.   The defendant, as sheriff, afterwards levied upon and took into his possession the mortgaged crops, under an attachment issued in an action against Heron.   At the time of the levy and subsequently, the plaintiff demanded of the defendant the payment of the amount due on the note and mortgage, but the defendant did not pay or tender any part thereof, or deposit the same with the county clerk or county treasurer subject to the order of the plaintiff.   The present action was brought to recover of the sheriff the amount of the mortgage debt.   The case is reported on a former appeal in 56 Cal. 217.   The further facts appear in the opinion of the court.

*D. M. Delmas, Wm. H. Webb,* and *Jas. A. Wall,* for Appellant.

*Garber, Thornton & Bishop, S. F. Geil,* and *S. M. Swinnerton,* for Respondent.

The·COURT.—1. The complaint is not subject to general demurrer.   (*Wood* v. *Franks,* 56 Cal. 217.)

2. It is contended that plaintiff acquired no rights through the mortgage, because no consideration passed for the transfer of the note from Wood, Dutcher & Co. to the plaintiff; in other words, that the plaintiff was not the actual owner of the promissory note which the mortgage was given to secure, or of the indebtedness by it represented.

There was evidence tending to prove that prior to the making of the note by Heron to the partnership, Wood, Dutcher & Co., it was agreed, between plaintiff and other members of the firm, that plaintiff should take an assignment of the note, and that its amount should be charged against him.   The note was indorsed to plaintiff before the mortgage. was executed ; but he did not charge himself with it, on the books of the firm, until several

hours afterward. By reason of his promise that he would take the note and charge the amount of it against himself, he became liable to the firm for that amount when he, in the name of the partnership, indorsed it to himself. The entry in the firm books was but further evidence of an indebtedness to the firm already existing.

3. If the instrument, executed and delivered by Heron to the plaintiff, had beeen made to secure only, *first*, the payment of the note to the Salinas City Bank, made by Heron and plaintiff, the latter as surety, and *second*, the debt from Heron to Wood, Dutcher & Co., assigned to plaintiff, it would not have been an attempted "assignment," within the meaning of the word as used in part ii., title iii., of the Civil Code; nor could it have been an attempt to create a trust for the use of the mortgagor, such as is prohibited by the statute of frauds. (*Dana* v. *Stanfords & Deitz*, 10 Cal. 269.) The statutes were not intended to prevent a debtor, admittedly insolvent, from transferring his property directly to his creditor, either absolutely in payment of his debts, or as security by way of mortgage.

In *Lawrence* v. *Neff*, 41 Cal. 566, it was held that the instrument therein spoken of, if considered a mortgage, was valid as to creditors not referred to in it, at least to the extent of creating a lien in the amount of the debt due to the mortgagee, although it was given as appears on its face, to secure other creditors than the mortgagee. This much is involved in the decision of that case, even if those parts of the opinion which in terms declare that the instrument was not an "assignment," under section 39 of the Insolvent Law of 1852, should be disregarded as mere *dicta*.

The effect of the judgments in the two cases above cited is to determine that the instrument before us is not an attempted "assignment," which as an entirety is *void*, because made without the assent of the attaching creditor.

4. The verdict includes a finding that the mortgage was executed without any intent to hinder, delay, or defraud the attaching creditor, and there was evidence to sustain the finding.

5. The mortgage is accompanied by the affidavit and acknowledgment required by section 2957 of the Civil Code. It is urged, however, that the transaction was a legal fraud as

to the attaching creditor, because the note and mortgage were given for a larger sum than was due to the mortgagee.

When the mortgage was executed neither Alexander nor Goodall, Perkins & Co. had assented to the arrangement entered into by plaintiff and Heron, nor had they agreed to look to plaintiff for the payment of their claims against Heron. Before the attachment was levied, however, they had actually received from plaintiff the full amount previously due from Heron to each of them respectively.

The excess provided for in the mortgage, beyond debts due from Heron, the mortgagor, to plaintiff, was made up of debts due from the mortgagor to Alexander and to Goodall, Perkins & Co., which plaintiff, the mortgagee, promised to pay. Fairly construed, the contract between Heron and the plaintiff was that the instrument should constitute a lien for the sums due the plaintiff, and should become a lien for the additional sums due from Heron to Alexander and Goodall, Perkins & Co. when the plaintiff should pay the same, or with the assent of those persons relieve Heron of all obligation to pay them. It was a mortgage for a sum definite, and for advances of other definite sums to be made for the benefit of the mortgagor by being applied to the payment of certain of his debts. A mortgage of personal property, given for a greater sum than is due by the mortgagor to the mortgagee, to secure both a present indebtedness and future advances, is not fraudulent in law as to the creditors of the mortgagor because given for a greater sum than is due, even though the mortgage does not express upon its face that the excess is for future advances. And the question whether a mortgage, given for a greater sum than was due, was given in good faith, both for a present indebtedness and to secure future advances, is one of fact for the jury, under proper instructions from the court. (*Tully* v. *Harloe*, 35 Cal. 302.)

The mortgage, made in good faith, as found by the jury, was valid, when it was executed, as between the parties to it, and as against the creditor who subsequently attached. It follows that the lien, originally for the amount due to the plaintiff, was increased as the contract between the mortgagor and mortgagee was carried out by the payment of the several sums, by the mortgagee agreed to be paid, to certain creditors of the mortgagor.

When the attachment was levied, the mortgage was a valid lien in the amount to secure which it purports to have been made, as the sums which (together with the sum due to the mortgagee when the instrument was executed) make up that amount had actually been paid.

Judgment and order affirmed.

Hearing in Bank denied.