[No. 12323.  Department Two. — December 19, 1889.]

DAVID SAUNDERSON, APPELLANT, v. WILLIAM B.
BROADWELL ET AL., RESPONDENTS.

PREFERENCE OF ONE CREDITOR OVER OTHERS. — A debtor in failing circum-
stances has a right to give a preference to one creditor over another, and
for this purpose may transfer real property to him, provided the transfer
be an absolute, and not a colorable, one, and be for a valuable considera-
tion.

ID. — VALUABLE CONSIDERATION — PRE-EXISTING INDEBTEDNESS. — A pre-
existing indebtedness constitutes a valuable consideration for such a
transfer.

ID. — PROMISE TO PAY THE DEBT OF THE GRANTOR. — A promise to pay a
debt due from the grantor to a third person is valuable consideration for
such a transfer, and especially so when such promise is performed.

ID. — PROMISE TO PAY DEBT OF GRANTOR DOES NOT CREATE A TRUST FOR
THE BENEFIT OF CREDITORS. — The fact that the transfer was in consider-
ation of a promise to pay the debt of another creditor does not create a
trust for the benefit of creditors; and consequently the transfer is not
void because the promise does not extend to all the creditors.

APPEAL from a judgment of the Superior Court of
Napa County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Aylett R. Cotton*, and *W. H. H. Hart*, for Appellant.

*Ham & Hull*, and *Spencer & Henning*, for Respondents.

HAYNE, C. — This was a suit to set aside a deed made
by the defendant William B. Broadwell to the defend-
ant C. E. Broadwell, upon the ground that it was in fraud
of the rights of plaintiff as a creditor. The trial court
gave judgment for the defendant, and the plaintiff ap-
peals from the judgment, and from an order denying a
new trial.

The court found that the deed " was in good faith for
a valuable consideration; that it was an actual sale, with-
out reservation, and not in trust; that said deed was not
fraudulently made, and was not made or executed or re-
corded or received, either on the part of said W. B.

Broadwell, or on the part of said C. E. Broadwell, or any one else, to hinder or delay or defraud any creditor or creditors of said W. B. Broadwell."

In addition to the general finding, the court found specifically that the value of the property was " about $1,500"; and that the consideration was a pre-existing indebtedness of the grantor to the grantee of $800, and a promise by the latter to assume and pay an indebtedness of $688 of the grantor to a third person, which indebtedness was paid by the grantee within a reasonable time.

The indebtedness of the grantor to the grantee was a valuable consideration for the conveyance. (*Jamison* v. *King*, 50 Cal. 132; *Schluter* v. *Harvey*, 65 Cal. 159.) The promise to pay the debt due from the grantor to the third person was also a valuable consideration (*Gladwin* v. *Garrison*, 13 Cal. 332), and especially so when this payment was in fact made.

It is argued, however, that inasmuch as part of the consideration was a promise to pay another creditor of the grantor, the transfer must be held to have been for the purpose of creating a trust for the benefit of creditors, and that it was invalid as such, because all the creditors were not provided for. But we do not think that there was an attempt to create a trust for the benefit of creditors. The promise was not to pay the debt which was assumed out of the property transferred. The creditor for whose benefit the promise was made could not have fastened a trust upon the property if his debt had not been paid. The most that he could have done in such case would have been to bring a personal action against the grantee upon a promise for his benefit. And any creditor of the grantee could proceed to make their debts out of the property, which would not be the case if it were trust property. In other words, the transfer was absolute, and not in trust. The case of *Dana* v. *Stanford*, 10 Cal. 269, goes further than is

required here, and the doctrine of that case has been several times approved. (*Lawrence* v. *Neff*, 41 Cal. 569; *Wood* v. *Franks*, 67 Cal. 34.) Doubtless if the entire consideration of a transfer consisted of promises to pay the debts of the grantor, and it could be seen that such promises were made without any ability or intention of performance, the transaction would not be allowed to stand. But that is not the case here.

It is contended, however, that the findings above quoted are not supported by the evidence. But we think that the testimony of W. B. Broadwell is sufficient to sustain the findings. He testified, in substance, that he owed the grantee the sum above mentioned, and that he owed W. H. Broadwell the other sum referred to. It would seem that at first the grantor "had offered the land as security." And that subsequently a sale was effected. The witness testified as follows: "The consideration for that deed from me to my brother was fifteen hundred dollars. That was what we named in the deed, — the consideration of that deed in settlement with my brother. The consideration was in settlement with my brother for debts due him at the time he took the deed. . . . . Well, the agreement was, that I should transfer the land to him in settlement of the bills I owed him, and he was to assume those that my father held against me. . . . . The only agreement was, that I was to make him the deed, and he was to cancel the obligation he had against me at the time and pay those items of indebtedness that my father had against me."

The appellant lays stress upon the fact that the grantee was absent from the state at the time the deed was signed and recorded   But it was handed to him on his arrival in California, which was within a short time, and he then accepted it; and on his return to the East performed his part of the agreement.

It seems plain that the grantor intended to prefer his brother and his father to his other creditors. But the

evidence must be held sufficient to sustain the finding that there was a valuable consideration for the transfer, and that it was an absolute, and not a colorable, one. Under such circumstances, a debtor has a right to give such a preference. (Civ. Code, sec. 3432.) No question as to such inadequacy of consideration as to show fraud arises in this case.

It is contended that the findings are inconsistent with the answer and with each other; but we do not see any material inconsistency.

The other matters do not require special notice.

We therefore advise that the judgment and order appealed from be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.