# ROCHELEAU, RESPONDENT, *v.* BOYLE, APPELLANT.

[Argued June 22, 1892.   Decided December 3, 1892.]

CHATTEL MORTGAGES — *Attachment — Conversion — Measure of damages.* — An officer who seizes mortgaged chattels under an attachment, without paying to the mortgagee, or depositing for him in the county treasurer's office, the amount of the debt, as required by section 1546, fifth division of the Compiled Statutes, is liable to the mortgagee in an action in the nature of conversion; and in such case the measure of damages is not the amount of the mortgage debt, but the value of the chattels converted, to an amount not exceeding the mortgage debt, together with such incidental expenses as immediately result from the wrongful seizure.

SAME — *Conversion — Pleading.* — In an action for conversion brought by a mortgagee of chattels, against an officer who has seized them under an attachment, the value of the property converted must be alleged and proved.

*Appeal from Third Judicial District, Deer Lodge County.*

Action for damages for conversion of mortgaged chattels by an officer.   The cause was tried before DURFEE, J.   Plaintiff had judgment below.   Reversed.

Statement of the case prepared by the judge delivering the opinion.

This action received consideration by this court on a former appeal, reported in 11 Mont. 451, wherein it was determined that certain merchandise claimed to have been covered by the mortgage in question was not subject thereto, for reasons set forth in that opinion. The judgment from which that appeal was taken was against defendant Boyle and his sureties, as constable, for the recovery of the whole amount of the debt claimed by plaintiff to have been secured by said chattel mortgage upon said merchandise, as well as upon other chattels mentioned in the mortgage.

Defendant Boyle moved for a new trial, and appealed from the order overruling that motion, and from the judgment, contending, on that appeal, that the mortgage in question was inoperative upon any of the property described therein, because merchandise was included therein, and such merchandise was left in the possession of the mortgagor, with permission to sell the same in the usual course of trade, and use the proceeds without respect to the mortgage. But this court held the mortgage inoperative only upon the merchandise attempted to be included therein. The effect of that determination excluded the merchandise in question from the operation of the mortgage, and left the same subject to attachment, so far as that instrument was concerned. But the mortgage was held valid as to other property included therein, as to which no such conditions applied as were shown in relation to said merchandise. It was plain from that determination that no recovery could be had against defendant Boyle, or his sureties, for having taken said merchandise under the attachment levied thereon. The judgment was therefore reversed, and the cause remanded for new trial. Thereafter, when the cause came on for trial in the court below, it appears a question arose in respect to the pleadings, and the measure of recovery which could be had in the action, and from the ruling of the court thereon this appeal has been taken.

Plaintiff's amended complaint alleges the facts relating to the election of defendant Boyle as constable in and for Anaconda Township, Deer Lodge County; his qualification as required by law, and his entry upon the discharge of the duties of that

office; the execution and delivery of a promissory note, for the payment of one thousand dollars, by Alphouse Benjamin, to plaintiff, which promissory note is described. "That said Benjamin, to secure the payment of said note and interest, on said twelfth day of August, 1889, did execute to the plaintiff a chattel mortgage, by the terms of which there was duly mortgaged to the plaintiff the following personal property, situate in Anaconda, in said county, described as follows, to wit: One bay horse branded 44 on left shoulder, one bay horse branded P on left hip and on left shoulder, one express wagon, two sets of double harness, one bread box, three show cases, one counter scale, one milk-shake machine, one desk, four chairs, and baking outfit, stock on hand." That said mortgage was duly acknowledged, and accompanied by the affidavit required by law in such cases, and filed August 14, 1889, in the office of the clerk and recorder of said county. "That said promissory note, and the money due thereon, has not been paid, and the plaintiff is now the lawful holder of said note and mortgage." "That on or about the twenty-fourth day of January, 1890, the defendant, Peter Boyle, as such constable, under and by virtue of certain writs of attachment issued out of the Justice's Court in and for Anaconda Township, against the said Alphonse Benjamin, did attach and take into his possession the personal property mentioned in said chattel mortgage, and above described." "That the defendant, Peter Boyle, as such constable or otherwise, did not pay or tender to the plaintiff the amount of his said mortgage debt or interest, and did not deposit the amount thereof with the treasurer of said Deer Lodge County, payable to plaintiff, before he attached and took into his possession said personal property, and has never paid, tendered, or deposited the same. That plaintiff demanded payment from the defendant, Peter Boyle, of the said sum of one thousand dollars and interest, and payment was refused. Wherefore plaintiff demands judgment against the defendants, and each of them, for the sum of one thousand dollars, with interest thereon from the twefth day of August, 1889, and costs of action."

The answer of defendants, to justify the taking of the property mentioned in said mortgage, alleged the facts in relation to

the bringing of three several actions against said mortgagee Benjamin; the obtaining of attachment processes, and afterwards judgments and executions, under which the chattels in question were levied upon and sold in the manner prescribed by law, and the proceeds applied to the payment of said judgments; and further alleged the facts relied on to make said mortgage void, as set forth and considered in the former appeal, all of which were substantially denied by plaintiff's replication.

After the case was remanded for new trial, defendant Boyle filed an amendment to his answer, as a part thereof, wherein he admitted having attached and taken into his possession, as constable, as alleged in the complaint, "one horse, one express wagon, one bread box, one counter scale, one milk-shake machine, one desk, four chairs, stock on hand, and one set of harness, described in plaintiff's complaint;" and further specifically denied taking, under said attachment or otherwise, "the baking outfit described in plaintiff's complaint," or "more than one of the sets of double harness described in plaintiff's complaint;" and expressly denied taking, under attachment or otherwise, "more than one of the two horses described in said complaint and mortgage," and denied taking any portion of the property mentioned in the complaint and mortgage, under said attachment writs or otherwise, except that expressly admitted to have been taken in his amendment to the answer. This was the state of the pleadings when the cause came on for trial, after reversal.

At this juncture, as appears from the bill of exceptions reserved by defendants, "the jury was regularly impaneled to try this cause, and after the same was impaneled the plaintiff refused to submit any testimony to the jury; that thereupon each of the parties, plaintiff and defendants, asked the court to instruct the jury, the plaintiff asking that the court instruct the jury to find a verdict for the plaintiff for the sum of one thousand dollars, with legal interest thereon from the date of the taking of the property described in plaintiff's complaint by the defendant Boyle, the defendants asking the court to instruct the jury to render a verdict for nominal damages only; that the court, after taking the matter under consideration, instructed the jury orally to bring in a verdict for the plaintiff for the sum

of one thousand dollars, with legal interest thereon from the date when the defendant Boyle took the property described in plaintiff's complaint, and which verdict is in the words and figures following, to wit: 'We, the jury in the above-entitled cause, find for the plaintiff in the sum of one thousand dollars ($1,000), with interest on said sum from the twelfth day of August, 1889, at the rate of ten per cent per annum, up to date, amounting in the aggregate to the sum of twelve hundred and sixty dollars ($1,260).' "

To which ruling of the court, in so instructing the jury, and in refusing to instruct the jury as requested by the defendants, the defendants then and there excepted, and assign that ruling as error.

*Forbis & Forbis,* and *George B. Winston,* for Appellants.

Respondent contended at the trial that the presumption is that the value of mortgaged property, which has been converted, is the amount of the mortgage debt, and that as appellants did not deny the value, which was nowhere alleged in the complaint, he was not compelled or required to prove any value, notwithstanding that the appellants denied the taking of certain of the property covered by the mortgage. The law certainly raises no such presumption, and even if it did, it would not lie in this case, where appellants deny the taking of certain of the property covered by the mortgage. It was not necessary that appellants should deny value. (2 Estee's Pleading [3d ed.], § 3716; *Jenkins* v. *Steanka,* 19 Wis. 126; 88 Am. Dec. 675.) The plaintiff in an action like this is required to prove that the property alleged to have been converted has some value, and what that value is. (*Miller* v. *Reigne,* 2 Hill (S. C.) 592; *Connoss* v. *Meir,* 2 Smith, E. D. 314; *Vogt* v. *Cope,* 66 Cal. 31; *Irwin* v. *McDowell,* 91 Cal. 119.)

*Cole & Whitehill,* for Respondent.

HARWOOD, J.—The question raised relates to the measure of damages allowable in this action, or, in other words, the amount which a mortgagee is entitled to recover from an officer for the wrongful attachment of mortgaged chattels. The posi-

tion taken by the parties in reference to the case, when the jury was impaneled for the trial thereof, resulted from the state of the pleadings, and the diverse views held by the parties respecting the measure of recovery to which the plaintiff was entitled. The complaint alleges the existence of the mortgage in favor of plaintiff, and describes the chattels held thereunder to secure the payment of one thousand dollars and interest, owing to him by said mortgagee, and alleges the taking of all said chattels, under writs of attachment, by defendant Boyle, as constable, without payment, tender, or deposit of the mortgage debt, as provided by statute; and upon those allegations demands judgment for the sum of one thousand dollars, interest and costs. There was no allegation in the complaint as to the value of the chattels taken by the officer, in order to fix the measure of damage committed by him in taking and converting the same. Plaintiff's theory was that having taken the chattels mentioned in the mortgage, without payment or deposit of the mortgage debt, the officer was liable for that debt and costs of suit, irrespective of the value of the property taken.

Defendant met the allegations of the complaint by showing that part of the chattels alleged to be subject to the mortgage were not subject thereto (as appears by the former adjudication), and denied positively the taking of certain other articles specified as subject to said mortgage, and which he was charged with having taken, and admitted the taking of some of the chattels subject to the mortgage.

What was plaintiff entitled to recover for the articles admitted to have been taken while subject to said mortgage? Plaintiff's counsel insisted, at the time the case came on for trial, that plaintiff was entitled to recover the whole amount of the mortgage debt, without allegation or proof of the value of the property taken by the defendant, or the amount of damages actually suffered by the mortgagee by reason of the taking of a portion of the chattels mentioned in the complaint, because the statute provides that, before the attachment of mortgaged property, the officer seizing must pay or tender to the mortgagee, or deposit in the county treasurer's office, in the county where the chattels are situate, the amount of the mortgage debt for the mortgagee. (Comp. Stats. § 1546, div. 5.) The court adopted this view,

and directed a verdict accordingly. But probably the court would not have adopted that view if its attention had been called to, and it had considered, certain cases wherein this very question has been critically considered, resulting in a conclusion contrary to the holding of the court in this case. (*Keith* v. *Haggart,* Dakota, May, 1887, 33 N. W. Rep. 465, and *Irwin* v. *McDowell,* 91 Cal. 119.) These cases affirm the proposition that this action is in the nature of an action for conversion of personal property, and that the measure of damage to the mortgagee is the value of the chattels converted, and limited, also, to the mortgagee's interest therein, and certain incidental expense and loss of time occasioned by the wrongful conversion; that is to say, the recovery shall not, in any event, exceed the value of the mortgaged chattels taken and converted, together with such other damage as immediately results to the mortgagee from the wrongful seizure and conversion, such as loss of time and expense laid out in pursuit and discovery of the property. Nor can the recovery in favor of the mortgagee in any event exceed the mortgage debt, interest, costs, and incidental damages aforesaid, although the value of the property may greatly exceed the aggregate of those items; because the mortgagee's interest in the property does not exceed the amount of the debt and interest secured by the mortgage. This rule was adopted in the cases cited above, after a thorough consideration, and in view of the statutory provisions as to the attachment of mortgaged property, substantially like those in this State, on the same subject. We have no hesitation in affirming that rule as the proper measure of recovery in such cases. To hold the officer liable for the whole mortgage debt, whether he took the whole or a fraction of the mortgaged property, and irrespective of the value of the property taken, or the actual damage resulting to the mortgagee by the taking thereof, leads to absurd, unjust, and even unconscionable results. There is nothing in the statute indicating an intention on the part of the legislature to introduce such a rule, or to change the long established rule as to the measure of damages for the wrongful taking and conversion of property. The important object to be effected by that statute was the subrogation of the attaching creditor to the rights of the mortgagee, by force of the statute, on payment of

the mortgage debt to the mortgagee, as provided, and thus to enable the attaching creditor to enforce a sale of the mortgaged property, and the application of any value therein, over and above the encumbrance, to the satisfaction of his claim. This statute was undoubtedly enacted for the benefit of unsecured creditors in such cases. It was not intended to deter creditors from testing the validity of chattel mortgages by providing an unusual, unjust, and oppressive measure of damages in case the mortgage was sustained, even as to a part of the chattels mentioned therein.

If the tendency of the opinions in the cases of *Wood* v. *Franks*, 56 Cal. 217, and the same case again in 67 Cal. 32, and in *Sherman* v. *Finch*, 71 Cal. 68, was in support of the position taken by respondent's counsel, the error and unreasonableness of such an interpretation and application of the statute were exposed by the able reasoning of Chief Justice Tripp of Dakota, in *Keith* v. *Haggart*, Dakota, May, 1887, 33 N. W. Rep. 465. Not only so, but in the recent case of *Irwin* v. *McDowell*, 91 Cal. 119, the California court repudiates such a construction, and distinguishes the earlier California cases referred to.

Respondent's counsel say in their brief: "If this were an action for the conversion of the property, the plaintiff should allege and prove the value." The authorities hold it to be an action in the nature of conversion of the mortgagee's interest in the chattels in question, and no cases are cited to the contrary, leaving out of consideration the early California cases mentioned above, which, in the light of later decisions, are no authority to support a contrary view.

We hold that plaintiff must allege and prove the value of the property converted, in order to support a judgment in his favor. The judgment entered by the trial court is therefore reversed, at the costs of respondent, and the cause remanded.

*Reversed.*

BLAKE, C. J., and DE WITT, J., concur.