[Sac. No. 4952.   In Bank.—January 30, 1936.]

J. D. METZLER, Respondent, v. FOSTER HOLDING COMPANY, Appellant.

Keith C. Eversole and J. E. Pemberton for Appellant.

Charles Kasch for Respondent.

THOMPSON, J.—The plaintiff obtained a judgment for the sum of $1701.25 and costs of suit in an action against the defendant Foster Holding Company, a corporation, as damages for the conversion of personal property. The defendant filed a cross-complaint, but the trial court found that the essential allegations thereof were not true and gave judgment that the cross-complainant take nothing thereon. The defendant appeals. The following facts explain the nature of the controversy.

One Moorhead leased from the Foster Holding Company for two years a dairy ranch in Mendocino County, together with its pure-bred dairy herd and dairy equipment. The herd was to be maintained by breeding at its numerical strength, any excess in such strength to be the property of Moorhead upon the termination of the lease. The lessee was to "leave on the leased premises at the end of said term or sooner termination of this lease as herein provided at least one hundred tons of hay". The venture proved unprofitable, with the result that the lessee became indebted not only to the appellant for unpaid rent, but also to a number of laborers and other creditors, including the plaintiff, the total of these claims being in the sum of $1550.23. The lessee was finally given notice to quit and surrender the ranch and personal

property and equipment thereon to the lessor. He did so on August 31, 1933, and told a representative of appellant that it could have what property he had on the ranch to apply on his indebtedness to it. However, on August 30th, Moorhead executed and delivered a chattel mortgage in favor of respondent, to secure his note for $1800 and attorneys' fees, in case of collection, but which note was to cover indebtedness to the other creditors mentioned above, the note being in the sum of $1800 because at the time the parties did not know exactly how much the claims of the creditors would total. A trust agreement was prepared, with a list of the creditors, and the amounts, when ascertained, were set after their names. No claim was asserted for anything in excess of the amount of the indebtedness actually owed. The appellant took possession subsequent to recordation of the chattel mortgage and proceeded to consume the hay, ensilage, corn and alfalfa, and to sell certain of the stock and hogs belonging to the lessee under the terms of the lease, applying the proceeds thereof to the liquidation of the lessee's rental indebtedness.

The respondent contends that in so doing the appellant was guilty of conversion and responsible in damages to the plaintiff therefor, because of the chattel mortgage he held, which covered "all hay on hand in barns in excess of 100 tons; growing crops of corn or corn in silos; and alfalfa hay; 2½ silos of barley and ensilage; 7 hogs" and "all of the right, title and interest of the mortgagor in all stock of dairy cows, yearlings, heifers and calves, located upon said premises, which said interest is more particularly described and set forth in that certain lease", etc., the total value of all of which the trial court found to be $3,222.75.

It is appellant's position (1) that the chattel mortgage was in fact an attempted assignment for the benefit of creditors and, as such, was void and in contravention of sections 3440 and 3459 of the Civil Code; (2) that the chattel mortgage was never delivered; (3) that the description was insufficient; (4) that the chattel mortgage was void because given for an amount in excess of that actually owed; and (5) that the court erred in allowing attorneys' fees.

Considering these contentions in their order, we turn to the question of whether the chattel mortgage is to be

considered an assignment for the benefit of creditors and, as such, void as violative of the code sections cited. Section 3432 of the Civil Code provides as follows: "A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another." In form, we must hold that the chattel mortgage complies with the code section. In substance, we must reach the same conclusion. The court found that the value of the property taken by appellant was $3,222.75, an amount considerably in excess of the indebtedness for which the mortgage was given. It appears, therefore, that Moorhead had a very appreciable interest in the property which he subsequently released to appellant. And, under the test applied in *Heath* v. *Wilson,* 139 Cal. 362, 368 [73 Pac. 182], to wit: the retention of an interest by Moorhead, it must be held that the mortgage was not in fact an assignment for the benefit of creditors.

The second contention is answered by the fact that the trial court, upon specific testimony of delivery, found that delivery was made.

With respect to the argument that the description of the property was insufficient, it must be noted that appellant was as thoroughly informed of the property intended to be covered as any of the parties—it, in fact, knew what property was mortgaged. "It has been held that a description is sufficient if it is such as to enable third parties by inquiries to identify the property covered by it." (5 Cal. Jur., p. 54.) We have no doubt, especially in view of appellant's position, that the point is unavailing to it.

Nor do we think that the mortgage should be held void because somewhat in excess of the amount of the indebtedness sought to be secured. The testimony discloses that the exact amount was uncertain at the time. It was, however, ascertained and claim made for the proper sum. The court found in this situation that there was no fraud. In one of the cases relied upon by appellant (*Wood* v. *Franks,* 67 Cal. 32, 35 [7 Pac. 50]), it is said: " . . . the question whether a mortgage, given for a greater sum than was due, was given in good faith, both for a present indebtedness and to secure future advances, is one of fact for the jury, under proper instructions of the court." And in another (*Tully* v. *Harloe,*

35 Cal. 302, 309 [95 Am. Dec. 102]), we read: "A mortgage which misrepresents the transaction between mortgagor and mortgagee, is liable to suspicion and ought to be critically examined; but if, upon investigation, the real transaction turns out to be fair, and to have been had in good faith, it would be unjust to deprive the person claiming under it of his equitable rights. It is always better, however, for obvious reasons, that the mortgage should be drawn so as to show the true object and purpose of the transaction, for suspicion is engendered by misrepresentation, but disarmed by a statement of the truth." The findings and the evidence support the conclusion that the present mortgage was in good faith.

However, we cannot justify the inclusion in the judgment of attorneys' fees, allowed in the sum of $151.02. The note provided: "In case suit is brought to enforce payment hereof, all parties liable hereunder agree to pay the reasonable attorneys' fees incurred by the holder hereof in that behalf." This action for damages for conversion of the property cannot legitimately be said to be within the provision quoted.

We have discussed all of the questions listed on the first page of appellant's brief except one. It is asserted that a demand was prerequisite to an action for conversion. All of the property was either sold or fed to stock. The sale and use was sufficient evidence of conversion to take this case outside the general rule. (*Mier* v. *Southern California Ice Co.,* 56 Cal. App. 512 [206 Pac. 83].)

Other suggestions of error appear in appellant's brief which are not noted in the questions appearing on the first page thereof, as required by the rules of this court. We are, therefore, not constrained to decide the points. We have, however, examined them and find them to be without sufficient merit to warrant a reversal of the judgment.

The judgment is modified by disallowing the sum of $151.02 and reducing the judgment by that amount and, as so reduced, it is affirmed.

Shenk, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.