[No. 11310.   Department One. — June 15, 1888.]

MARKO ZARO, RESPONDENT, *v.* ELMER DAKAN, APPELLANT.

TROVER — INSTRUCTION — POSSESSION — OWNERSHIP. — In an action of trover by a vendee of personal property against a sheriff for conversion thereof under an attachment against the vendor, it is error to instruct the jury that if plaintiff was the owner or in possession of the goods at the time of the attachment, he is entitled to recover. The ownership of the property is the sole question in issue.

POSSESSION AS EVIDENCE OF OWNERSHIP. — Actual possession of property is only evidence of title, and may exist without ownership.

INSTRUCTION — APPEAL — REVERSAL. — An erroneous instruction not qualified or explained by other instructions is ground of reversal upon appeal.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order refusing a new trial.

The action was brought for the conversion of 636 boxes of apples, which the sheriff had attached as the property of the firm of W. F. Burns and George A. Burns. The further facts are stated in the opinion of the court.

*A. S. Kittredge*, and *Goldsby & Jeter*, for Appellant.

*J. Edward Marks*, and *Charles B. Younger*, for Respondent.

PATERSON, J.—The defendant, as sheriff of the county of Santa Cruz, on January 31, 1884, attached the apples in controversy under a writ issued in the case of Hodge *v.* Burns *et al.* Plaintiff brought this action to recover the value of the property, claiming to be the owner thereof. The answer denies that plaintiff is the owner of the property, and alleges ownership in Burns *et al.*

At the trial the evidence introduced by the plaintiff tended to show that he was the owner of the property at the time it was taken by the defendant. The evidence introduced by the defendant tended to show that, prior to the levy of the attachment, plaintiff had sold the property to Burns, and that the latter had the possession and control thereof.

At the request of the plaintiff the court instructed the jury as follows: "7. The issuance and delivery to the defendant of the writ of attachment issued in the case of L. C. Hodge *v.* William F. Burns *et al.* did not justify the defendant in attaching the apples in controversy, if at the time the defendant attached them—if he did attach them—said plaintiff was the owner *or in possession of them*, and if the jury believe from the evidence that while said plaintiff was owner, *or in possession* of said apples, said defendant took them and has not returned them to said plaintiff, then said plaintiff is entitled to recover, and the verdict must be in his favor."

The court erred in giving this instruction. The

ownership of the apples was the question in issue.  The actual possession of the property at the time was only evidence of title.  The plaintiff may have been in possession of the property at the time of the levy without ownership therein.

The instruction quoted above was not qualified or explained by other instructions given.

Judgment and order reversed, and cause remanded for a new trial.

McKINSTRY, J., and SEARLS, C, J., concurred.

Hearing in Bank denied.