91  119
d126 290

[No. 14303.   Department Two. — September 10, 1891.]

## I. ISSAS IRWIN, APPELLANT, *v.* S. A. McDOWELL, RESPONDENT.

ATTACHMENT — LEVY UPON MORTGAGED PERSONAL PROPERTY — PAYMENT OF MORTGAGE — CONVERSION. — An officer has no right to take mortgaged personal property under process against the mortgagor, unless he first pays or tenders to the mortgagee, or deposits for him, the amount of the mortgage debt; and if he levies an attachment upon it and appoints a keeper, without complying with either of these requirements, he is liable to the mortgagee as for a conversion, although he does not move or otherwise disturb the property.

ID. — MEASURE OF DAMAGES FOR CONVERSION OF MORTGAGED PROPERTY. — The measure of damages in an action by a mortgagee of personal property, for a conversion thereof by an officer, is the full amount of the mortgage debt, if the property is worth enough to pay it; and if not, then such amount only as it is worth, and also, in either case, a fair compensation for the loss of time, and expenses properly incurred in pursuit of the property.

ID. — LEVY UPON MORTGAGED CROP — RELEASE OF ATTACHMENT AFTER ACTION BROUGHT — NOMINAL DAMAGES — BENEFIT OF MORTGAGEE — MATERIAL OMISSION IN FINDINGS — APPEAL. — Where the property levied upon consisted of a crop upon which a mortgage had been recorded, which was released by the officer after the bringing of an action against him by the mortgagee for damages for its conversion, and the court finds that it was redelivered to the mortgagor, and was never removed from the field where it was situated by the defendant or by his authority, and awards a judgment in favor of the plaintiff for nominal damages only, the failure to find as to whether the plaintiff had or had not the benefit of the property after its release is error for which the judgment must be reversed upon an appeal of the plaintiff.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*M. S. Babcock,* and *M. L. Short,* for Appellant.

*Hunsaker, Britt & Goodrich,* for Respondent.

BELCHER, C. — This is an action to recover from the defendant the sum of three thousand dollars, and interest thereon, the payment of which is alleged to have been secured by a chattel mortgage.

The facts stated in the complaint are, in substance, as follows: On the twenty-third day of November, 1889,

one Robert L. Couts executed to the plaintiff a mortgage on a crop of wheat, barley, and oats, then being planted on land in San Diego County, and to be harvested in the year 1890. The mortgage was properly verified, acknowledged, and recorded, and was given to secure payment of the mortgagor's promissory note for sixteen hundred dollars and interest, and such further advances as the mortgagee might make to the mortgagor, not exceeding fourteen hundred dollars. Further advances were made to the amount of fourteen hundred dollars, thus making the whole debt secured three thousand dollars, no part of which, except a portion of the interest, had been paid. On the thirteenth day of August, 1890, the defendant, as sheriff of the county of San Diego, wrongfully and unlawfully levied upon the mortgaged crop a writ of attachment issued in favor of one Cave J. Couts against the mortgagor, and before making the levy he did not pay or tender to plaintiff, or to any one for him, nor deposit with the county clerk or treasurer, the amount of the mortgage debt, or any part thereof, nor had he ever done so. Therefore, judgment was asked for three thousand dollars and interest.

The defendant, by his answer, admitted most of the averments of the complaint, and then set up facts to excuse the levy and exonerate him from damages.

The case was tried by the court without a jury, and, among other things, the court found that there was due and unpaid on the mortgage debt, for principal and interest, the sum of $3,126.49; that the levy was made on the property by the defendant's deputy, and a keeper placed in charge thereof, on the thirteenth day of August, 1890; that on the next day the plaintiff demanded of the deputy the possession and return to him of the property attached, and that the deputy admitted he knew the property was mortgaged to the plaintiff, but refused to release it; that the action was commenced on the fifteenth day of August, 1890, and thereafter, on the sixteenth or seventeenth day of the same month, defendant directed his deputy to release the property, and

thereupon it was delivered to the mortgagor, Robert L. Couts, and defendant notified one of the attorneys of the plaintiff that he had released it; that at the time the levy was made, the property was situate in an open field where raised, and was never removed therefrom by defendant or by his authority, and that he had then no actual personal knowledge that it was covered by the mortgage; that the total value of the property attached did not exceed the sum of $650; and as a conclusion of law, that plaintiff was entitled to a judgment for one cent damages, and costs.

Judgment was accordingly so entered, and the case is brought here for review on the judgment roll.

The appellant contends that personal property covered by a mortgage cannot lawfully be taken under process against the mortgagor without first paying or tendering to the mortgagee, or depositing for him, the amount of his mortgage debt, and that if it be so taken, the detriment proximately caused by the seizure is the full amount of the debt; and hence that damages should have been awarded to the plaintiff for the sum found by the court to be due and unpaid, namely, $3,126.29.

The statutory provisions bearing on the subject are found in the Civil Code, and are as follows:—

"Sec. 2968.   Personal property mortgaged may be taken under attachment or execution issued at the suit of a creditor of the mortgagor.

"Sec. 2969.     Before the property is so taken, the officer must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county clerk or treasurer, payable to the order of the mortgagee."

"Sec. 3336.   The detriment caused by the wrongful conversion of personal property is presumed to be, — 1. The value of the property at the time of the conversion, with the interest from that time, or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the

option of the injured party; and 2. A fair compensation for the time and money properly expended in pursuit of the property."

" Sec. 3338. One having a mere lien on personal property cannot recover greater damages for its conversion, from one having a right thereto superior to his, after his lien is discharged, than the amount secured by the lien, and the compensation allowed by section 3336 for loss of time and expenses."

From these sections it clearly appears that an officer has no right to take mortgaged personal property under process against the mortgagor, unless he first complies with the requirements of section 2969, and if he does so, he makes himself liable as for a conversion. In *Rider* v. *Edgar*, 54 Cal. 127, which was an action of this kind, it was held that any unlawful interference with the property, or exercise of dominion over it, by which the owner is damnified, such as the levy of an attachment upon it and the appointment of a keeper, was a taking which made the officer liable, although the property was not moved or otherwise disturbed, and though it was released before any demand from the plaintiff.

Assuming, then, as we must, that the defendant in this case made himself liable by his levy, the question is, What is the measure of the damages which can be recovered against him?

In ordinary cases, the measure of damages for a conversion is the full value of the property converted, with interest, compensation, etc. This rule, however, does not apply to its full extent in a case like this. When, as here, the action is brought by a mortgagee, he can recover only " the amount secured by the lien, and the compensation allowed by section 3336 for loss of time and expenses," though the property may be of much greater value.

What is the amount *secured* by the lien? The answer must be, the full amount of the mortgage debt, if the property is worth enough to pay it; and if not, then such sum or amount only as it is worth. It would seem ab-

surd to say, if the mortgage debt was a thousand dollars and the mortgaged property was worth only a hundred dollars, that the full amount of the debt was secured.

As the court found that the total value of the property attached did not exceed the sum of $650, it follows, in our opinion, that the plaintiff was not entitled to recover from the defendant the full amount of the debt.

The cases of *Wood* v. *Franks*, 56 Cal. 217, *Wood* v. *Franks,* 67 Cal. 32, and *Sherman* v. *Finch*, 71 Cal. 68, relied upon by appellant, are not in conflict with what has been said. In neither of those cases was any question raised as to the value of the mortgaged property or its sufficiency to pay the mortgage debt in full.

The plaintiff was, however, entitled to a judgment against the defendant, if he was damnified by the taking, for the amount of damages which he actually sustained. The levy of the attachment and the appointment of a keeper were sufficient, as we have seen, to constitute a conversion; and the action was commenced before the release. What became of the property after it was released does not appear. The court finds only that it was delivered to the *mortgagor*, and was never removed from the open field, where it was situate, by the defendant or by his authority. The plaintiff may have taken it back and applied its proceeds to the payment of his debt, or he may have refused to do so and relied on his claim for damages. If he took it back, he sustained no damages; and if not, the damages could not have exceeded the value of the property.

In the absence of any finding as to whether the plaintiff had the benefit of the property after its release or not, the judgment cannot be sustained.

In our opinion, the judgment should be reversed, and the cause remanded for a new trial.

TEMPLE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded for a new trial.

DE HAVEN, J., concurring. — I concur in the judgment, and in the reasoning of the foregoing opinion.

I think, however, the decision in this case cannot be reconciled with the cases of *Wood* v. *Franks*, 56 Cal. 217, and *Sherman* v. *Finch*, 71 Cal. 68. In my judgment, those cases were wrongly decided, and I have no hesitancy in concurring in this judgment, which, in effect, overrules them.