## IRWIN v. McDOWELL.

### No. 19,149; November 10, 1893.

34 Pac. 708.

**Chattel Mortgages.—In an Action by a Mortgagee for Conversion** of the mortgaged chattels, there is no abuse of discretion in allowing defendant, at the trial, to amend his answer, and to aver that the mortgage was released before defendant took the property.

**Pledge.—An Instrument Termed a "Bill of Sale,"** executed by C., authorizing I. to take and sell the articles therein specified till

C.'s debt to I. is satisfied, when the residue shall be returned to C., and reciting that it is given as security for the debt, is a contract for a pledge, within Civil Code, section 2987, providing that every contract by which the possession of personal property is transferred as security only is a pledge.

Pledge—Necessity of Delivery.—Though. Such Instrument, by reciting that it is given in lieu of a certain chattel mortgage, shows an intention that it shall take the place of the chattel mortgage, it does not, in the absence of the delivery of the articles thereby agreed to be pledged, release the chattel mortgage, Civil Code, section 2988, providing that no pledge is valid till the property is delivered to the pledgee.

APPEAL from Superior Court, San Diego County; W. L. Pierce, Judge.

Action by I. Isaac Irwin against S. A. McDowell for conversion of chattels mortgaged to plaintiff. Judgment for defendant. Plaintiff appeals. Reversed.

M. S. Babcock for appellant; Hunsaker, Britt & Goodrich for respondent.

SEARLS, C.—The defendant had judgment in the above-entitled cause, from which, and an order denying a motion for a new trial, plaintiff appeals. The case was here on a former appeal from a judgment in favor of plaintiff for a nominal sum, from which he appealed, whereupon the judgment was reversed and a new trial ordered: 91 Cal. 119, 27 Pac. 601. The general history of the case is there stated, and will not be repeated here.

At the last trial, the defendant (respondent here), for the purpose of showing that the property upon which he levied as sheriff had been discharged from the lien of plaintiff's chattel mortgage before such levy, introduced in evidence a bill of sale of certain other personal property from Robert L. Couts to plaintiff, executed and acknowledged by said plaintiff and said Couts under date of August 11, 1890. There was no abuse of discretion on the part of the court below in permitting the defendant, at the trial, to amend his answer so as to aver "that the mortgage on the hay and grain levied on in said action of Couts v. Couts and hereinafter mentioned was released before the said levy was made."

The "bill of sale," as it is termed, purported to be a conveyance by Robert L. Couts to plaintiff of certain horses, cows, wagons, harness, etc., on condition that plaintiff was to take immediate possession of the property, and to sell them, or any of them, during thirty days, at a price to be approved by Couts—the money to be received by plaintiff, and applied upon his demand against Couts—and, at the end of thirty days, plaintiff was at liberty to sell, at his pleasure, until his demand was satisfied, whereupon the residue of the property was to be returned to Couts. It then proceeds as follows: "This sale is made, and the property placed in the possession of said Irwin, as additional security for a certain debt secured by crop mortgage, and for goods had and merchandise had and received, by said Couts from said Irwin." Two or three days after the foregoing bill of sale was executed, Cave J. Couts, a brother of Robert L. Couts, with the latter, met plaintiff, and desired him to make some alterations in the bill of sale, to which he at first objected, but finally consented, whereupon they all repaired to the attorney of plaintiff, who, at the request and by the consent of the parties, added to the bill of sale, immediately following the clause quoted above, as follows: "And a certain real estate mortgage executed on November the 23, 1889, is held as additional security to the property held under this bill of sale, which is given, in lieu of the chattel mortgage, as security for the note held thereunder." The parties thereupon acknowledged the execution of the instrument before the attorney, who was a notary public, or, as some of the witnesses thought, it was acknowledged when signed. This, however, is not important, as the instrument re-- lated to personal property—not requiring to be acknowledged. The instrument, as first executed, clearly indicated its object to be to give other and further security for the debt due and owing from Robert L. Couts to plaintiff, in addition to the chattel mortgage. As amended, it just as clearly indicates an intention that it shall take the place of the chattel mortgage. It refers to a certain other mortgage which plaintiff held upon the interest of Couts in a ranch, as being held as additional security to the property held under this bill of sale, "which is given in lieu of the chattel mortgage." "In lieu" signifies instead of, in place of. We must conclude, from the language used, that it was the intention of the parties that the

instrument, which, upon its face, shows that it was intended
simply as security to plaintiff for the debt due him, was in-
tended to take the place of the chattel mortgage. But it by
no means follows that the result claimed by appellant ensued,
viz., that the chattel mortgage was, upon the signing of the
bill of sale, discharged at once. The language used in the
instrument indicates that in consideration of the pledge—for
that is what it amounts to—of certain horses, cows, wagons,
etc., plaintiff was willing to forego and discharge the lien of
his chattel mortgage. That was the consideration for what,
in effect, was an agreement on his part to forego the claim
of his mortgage. But the new security was never delivered
to him, and, although he sought diligently for two or three
days to obtain possession of the personal property named in the
instrument, and which it was the duty of Robert L. Couts to
deliver, he never obtained it; and, at the end of the two or
three days, Cave J. Couts brought an action against the latter,
and attached all of the property—the hay and grain covered
by the chattel mortgage, because it had been released, and the
horses, etc., named in the bill of sale, because they had not
been delivered to plaintiff. Was it released? "Every con-
tract by which the possession of personal property is trans-
ferred as security only, is to be deemed a pledge": Civ. Code,
sec. 2987. "The lien of the pledge is dependent on possession,
and no pledge is valid until the property pledged is delivered
to the pledgee, or to a pledge-holder, as hereafter prescribed":
Civ. Code, sec. 2988. A glance at the instrument which we
have called a "bill of sale" will show that within the pur-
view of section 2987, supra, it was simply a contract for a
pledge, and that, until the property pledged was delivered to
plaintiff, the contract was executory. The pledge was the
consideration for the release of the chattel mortgage, and,
until it was perfected by such delivery, it did not operate to
release the mortgage, in fact. No duty to execute a release
of the chattel mortgage devolved upon plaintiff until he re-
ceived the consideration for his agreement so to do. Had he,
upon demand, refused to give a release, it could not have
been enforced, except upon showing that he had received the
consideration upon which his agreement was predicated. The
mortgage remained of record, and was notice to the sheriff who
levied the attachment, and who, a few days later, upon learn-

ing of the existence of the mortgage, released such attachment: Berson v. Nunan, 63 Cal. 550. We must not be understood as holding that a mortgage may not be satisfied in fact without a discharge of record, but only that in this case, as the consideration was never received by plaintiff, it was not in fact waived or discharged, and, as it still remained of record, and notice to all the world, even the defendant here, who was sheriff, was not misled by any act of the plaintiff. We are of opinion that the court below erred in holding that the chattel mortgage was released prior to the levy of the attachment, for which error the judgment and order appealed from should be reversed and a new trial ordered.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and a new trial is ordered.