[L. A. No. 751. Department Two.—December 29, 1900.]

## L. A. GREEN, Respondent, v. JOHN BURR, Sheriff, Appellant.

ACTION FOR CONVERSION—ATTACHMENT OF RESTAURANT PROPERTY—FINDING OF OWNERSHIP—PURCHASE BY PLAINTIFF—OPTION TO ATTACHMENT DEBTOR—AGENCY.—In an action for the conversion of restaurant property taken under attachment against another person who was in possession and was running the restaurant, a finding that plaintiff was the owner is sustained by evidence that plaintiff acquired the property by bill of sale from a restaurant company, upon advancing money to settle with its creditors, and had given to the attachment debtor, who had been an attaching creditor of the restaurant company, an option to purchase the restaurant within fifteen days, and had allowed him possession meanwhile as plaintiff's agent, and that the property was attached in his hands before the option to purchase had been exercised.

ID.—DECLARATIONS OF OWNERSHIP BY ATTACHMENT DEBTOR.—Declarations of ownership of the property made by the attachment debtor while in possession of the restaurant can have but little weight against the proof of plaintiff's title, and cannot overthrow the finding in favor of plaintiff's ownership.

ID.—AMENDMENT OF ANSWER AFTER SUBMISSION OF CASE—REFUSAL OF LEAVE—HARMLESS RULING.—It is harmless for the court to refuse to allow an amendment of the answer after submission of the cause to the court for its decision to conform the pleading to the proof, where it does not appear that any evidence was excluded at the trial on account of any defect in the answer, or that the defendant's situation would be bettered if his answer were changed, or that he was in any way injured by the ruling.

APPEAL from an order of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion.

Dillon & Dunning, for Appellant.

The plaintiff is estopped from denying ownership of the property as against the creditors of the party in possession under a conditional contract of sale, who claimed the property as his own. (*Wylie's Appeal*, 90 Pa. St. 210; *Over v. Blackstone*, 8 Watts & S. 71.) The court erred in refusing to allow the defendant to plead the estoppel to conform to the proofs. (3 Estee's Pleadings, sec. 4450; *Cook v. Croisan*, 25 Or. 475; *Flanders v. Cottrell*, 36 Wis. 564; *Carpentier v. Small;* 35 Cal. 346.)

George D. Blake, for Respondent.

The plaintiff had a title which was good against the creditors of Harvat, who had a mere unexercised option, and was not bound to purchase the property; and there is no estoppel in the case. (*Vermont Marble Co. v. Brow*, 109 Cal. 236[1]; *Rodgers v. Bachman*, 109 Cal. 552, 556; *Harkness v. Russell*, 118 U. S. 663; Bump on Fraudulent Conveyances, 4th ed., sec. 138.) The declarations of ownership by Harvat were not binding upon the plaintiff, and could not estop the plaintiff. (*Robinson v. Haas*, 40 Cal. 474; *Shafer v. Lacy*, 121 Cal. 574, 578, 579; *Zuchtmann v. Roberts*, 109 Mass. 53[2]; *Sumner v. Woods*, 67 Ala. 139.[3]) No amendment of the pleadings was required, as the defendant could prove anything which would defeat the title of the plaintiff. (*Howe v. Johnson*, 107 Cal. 67; *Banning v. Marleau*, 121 Cal. 240.)

GRAY, C.—The defendant appeals from an order denying a new trial.

The action is to recover the value of the furniture and contents of a certain restaurant in the city of Los Angeles alleged to have been wrongfully converted by defendant. The defendant denies plaintiff's title and justifies the taking, as sheriff, under a writ of attachment issued in a cause entitled *G. C. de Garmo v. George F. Harvat*, and alleges that the defendant in that action is the owner of the property in controversy.

[1] 50 Am. St. Rep. 37.        [3] 42 Am. Rep. 104.
[2] 12 Am. Rep. 663.

The appellant contends that the findings in favor of plaintiff as to the ownership of the property are not sustained by the evidence. The evidence shows that the property in dispute belonged to a certain restaurant company of which Harvat was a creditor in a small amount. He assigned his claim to one Clark, who brought suit thereon and attached the said property. Harvat then fearing the restaurant owners would be thrown into insolvency, desired to purchase the property in controversy for enough to pay the other creditors of the restaurant fifty per cent of their claims, which they had agreed to accept in full satisfaction thereof. For lack of funds Harvat was unable to do this, and so through his assignee, Clark, who seems to have been a mere agent in the matter, he applied to the plaintiff herein and she consented to and did put up the money, about five hundred dollars, to pay the creditors and took a bill of sale of the property from the owners of the restaurant. The plaintiff then gave Harvat a fifteen days' option to purchase the property from her for six hundred dollars. The constable who had the property under attachment and Clark, the plaintiff in the attachment suit, then placed said property in the possession of Harvat as the agent of the plaintiff, and while the property was so in the possession of Harvat and before the expiration of the fifteen days' option the defendant, as sheriff, seized the goods as the property of Harvat in an attachment suit brought against him by one of his creditors. It further appears from the evidence that Clark had previously been acting for the plaintiff in the investment of her money, and she gave him special authority as her agent to purchase the property in question from the restaurant company and look after her interests in the matter. At the time of the seizure of the property by defendant, Harvat was running the restaurant and was in possession of the property in litigation herein. The creditors of the restaurant company were settled with, and they are making no claim with reference to the property. The foregoing facts were proven without substantial conflict in the testimony, except that there was evidence tending to show that Harvat while in possession had made some declarations of his proprietorship in said property. On the evidence as presented the court was fully warranted in

finding that plaintiff was the owner of the property at the time it was seized by defendant. There was nothing tending to show that Harvat, the debtor in the attachment suit, was the owner of the property except his own declarations to that effect, which seem to have been received in evidence without objection made thereto; as against the other undisputed facts showing that plaintiff had bought and paid for the property, these declarations could have little weight.

The remaining contention of appellant is that the court erred in refusing to allow the defendant to amend his answer to conform to the proofs. It appears from the record that the request to be permitted to amend the answer was not made until after the case was submitted to the court for decision; how long after such submission, or whether the request to amend was made before the case was decided, does not appear. But aside from this, it does not appear that any evidence was excluded at the trial on account of any defect in the answer. Nor can we see how any prejudice or injury accrued to defendant for want of anything in his answer, or how his situation might be bettered if his answer were in any way changed. The defendant appears to have lost his case for want of evidence, and not on account of any defect in his answer.

The order appealed from should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Henshaw, J., McFarland, J., Temple, J.