THE PEOPLE v. ORTIZ.

APPEAL from the District Court of Guayama.

No. 30.—Decided November 26, 1906.

APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In order that the evidence taken at the trial may be considered on appeal, it is necessary that it be set out in a bill of exceptions or statement of facts.

PERJURY—INFORMATION.—An essential requisite of an information for perjury is that it contain the necessary allegations in regard to the falsity of the matter about which the false statement under oath was made, and an information containing allegations tending to show that the statements made under oath by the accused in such case were false and untrue and the falsity and untruth of which were unknown to him is sufficient on appeal.

ID.—DEMURRER.—Where the defendant fails to file a demurrer to the information in due time and such information states the facts constituting the crime, he will be deemed to have waived any objections which he might have made that the information was not as specific as it should have been in the allegations therein contained with respect to the falsity of the different statements of the defendant, and also with respect to the specific statement of those facts appearing to be true and the existence of which the defendant denied under oath.

The facts are stated in the opinion.

*Mr. Felipe Cuchi Arnau* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The appellant, Vicente Ortiz, was accused by the *fiscal* of the District Court of Guayama in the following terms:

"On January 29, 1906, the district *fiscal* filed the following information in open court: In the name and by the authority of The People of Porto Rico. The United States of America, *ss:* The President of the United States. In the District Court of Guayama, January 26, 1906. *The People of Porto Rico* v. *Vicente Ortiz.*—Vicente Ortiz is accused by information filed by the *fiscal,* of the crime of perjury committed as follows: On or about November 22, 1905, at the trial held in this court in a prosecution against Onofre Meléndez, for a crime against the electoral franchise, and being a witness at said trial, after he had been duly sworn by the secretary of this court, who has legal authority to administer oaths; with regard to the material matter as to whether there was any delay in the voting in electoral precinct number 42 of the Electoral District of Guayama, on November 8, 1904, on which day the general elections were held in Porto Rico, said Vicente Ortiz wilfully, knowingly, falsely, and maliciously declared under oath, administered in the form above described, that there was no delay in the voting on the date mentioned, excepting the delay due to breakfast; that Onofre Meléndez did not leave the board on that day; that all electors standing in line to vote had voted one-half hour before the closing of the polls; and that no one had appeared to vote one-half hour before the polls closed; that no one protested against the delay in voting during the day of the election; that at 3.30 p. m. of the day of the elections all of the electors had voted and left, no one remaining in front of the polling place excepting the policeman. This act is contrary to the law in such case made and provided, and against the peace and dignity of The People of Porto Rico.—E. B. Wilcox, district *fiscal.*

"The above information is based upon the sworn testimony of witnesses examined before me, and I solemnly believe that there is just cause for the filing of this information.—E. B. Wilcox, district *fiscal.*

"Sworn to and signed before me this 29th day of January, 1906.—Francisco Morales, secretary of the court."

The defendant pleaded not guilty, and upon trial by the district court was found guilty of the crime of perjury, as defined and punished by sections 117 and 123 of the Penal Code, and on April 30, 1906, as the defendant showed no cause why sentence should not be pronounced against him, he was sentenced to imprisonment in the penitentiary at hard labor for one year, and to pay the costs.

From this judgment he took an appeal to this Supreme Court on the ground that it was contrary to the evidence.

The record contains neither a bill of exceptions nor a statement of facts, and, consequently, we cannot discuss or weigh the evidence heard at the trial.

All that we can do in view of the manner in which the record has been submitted to us for consideration is to examine the information and the judgment, especially as the information is attacked in the brief filed in this Supreme Court on the grounds that it does not charge any crime as required by section 68, nor is it drafted as prescribed by section 71, both of the Code of Criminal Procedure.

But the legal requisite with respect to the showing of the crime of perjury is expressed in section 89 of our Code of Criminal Procedure, which is identical to section 966 of the California Code, both sections requiring only that the information contain the ''proper allegations of the falsity of the matter on which the perjury is assigned.''

The information under consideration contains allegations tending to show that the declarations made by the defendant in that matter were false and untrue, such falsity and untruth being known to him, and these allegations, no demurrer having been filed, appear to us sufficient to show the commission of the crime of perjury in accordance with the provisions above cited.

Consequently, it is evident that in this case the information sets forth facts which constitute a crime, and all that could be said with regard to it is that it is not as specific as it should have been in its allegations with respect to the falsity of the different declarations of the defendant, and in the specific statement of such facts as were true and the existence whereof the defendant had denied under oath, in which manner a proper showing of the crime of perjury would have been presented. Perhaps the information may be somewhat deficient in its details by reason of this omission.

But the fact that the defendant failed to take exception

to the information in due time, implies a waiver of the right he had to object to the absence of details of this character therein. A defendant cannot, with impunity, maintain indifference until the result of his cause, after it has been tried on its merits, is shown to him, and then appear in this court and through an allegation seek to take advantage of the mere lack of precision in the information, when he could have exercised such right, in due time, under the provisions of sections 150, 152 and 153 of the Code of Criminal Procedure.

This sound doctrine is embodied in the case of *The People v. Robley*, 131 Cal., 239, and as a precedent worthy of being considered we must also cite the cases against Modesto Giménez and against Blasino Monchi *et al.*, decided October 17 and 18 of the current year, when, through Justices Wolf and Figueras, respectively, the judgments appealed from were affirmed by this court, notwithstanding the fact that the information therein was drawn in a manner similar to that now under consideration.

Therefore, no substantial right of the defendant is impaired in the information, and as the judgment appealed from is based on said information, such judgment should be affirmed, with the costs against the appellant, Vicente Ortiz.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.