[Civ. No. 1424. First Appellate District.—February 5, 1915.]

F. LACKENBACH, Respondent, v. THOMAS F. FINN, and THOMAS F. FINN, Sheriff of the City and County of San Francisco, Appellant.

ACTION FOR CONVERSION—LEVY UPON MORTGAGED PROPERTY—FAILURE TO PAY MORTGAGE DEBT — DIRECTOR AS MORTGAGEE. — In an action against a sheriff for the conversion of mortgaged personal property belonging to a corporation in seizing the same under attachment or execution against the mortgagor without first paying or tendering to the mortagee the amount of the mortgage debt, it is no defense that the mortgage was void by reason of the fact that the mortgagee was a director of the corporation and that she voted for the resolution authorizing the execution of the mortgage.

ID. — CORPORATION LAW — CONTRACTS BETWEEN CORPORATION AND DIRECTOR.—A contract between a corporation and one of its directors by which such director obtains property or some other advantage to himself is not absolutely void but is voidable at the instance of the corporation or its stockholders.

ID.—BANKRUPTCY OF MORTGAGOR—DELIVERY OF PROPERTY TO TRUSTEE—RIGHTS OF MORTGAGEE.—Where the corporation mortgagor is adjudicated a bankrupt and the property is delivered by the officer to the trustee in bankruptcy, the mortgagee is not bound to follow the property into the bankruptcy proceedings for the purpose of proving her claim and minimizing the damages, or for any other purpose, as the mortgage, being valid, the levy of the writ and taking possession of the property without compliance with the code provisions constitutes a conversion thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Lucius L. Solomons, for Appellant.

H. W. Glensor, and Donald K. Seibert, for Respondent.

THE COURT.—This is an action brought against the defendant, as sheriff of the city and county of San Francisco, for the alleged wrongful conversion of property by the taking thereof without having paid or offered to pay to the mortgagee the amount due on the mortgage.

The facts in the case are in substance as follows: It appears that Minnie Lackenbach, the daughter of the plaintiff, with others as partners, had been conducting the business of the Bellevue Hospital; that she bought out her partners, and later organized a corporation which took over the hospital business. It also appears that she was indebted to her mother the plaintiff, in the sum of one thousand five hundred dollars for money she had borrowed from plaintiff, and which money had been actually used in conducting said Bellevue Hospital and in buying out the interests of her partners, just prior to the formation of the corporation. It further appears that upon the organization of the corporation she transferred to it the furniture and equipment of the hospital; and the plaintiff having demanded a mortgage upon the furniture and equipment as security for said indebtedness, the chattel mortgage in question was thereupon executed, to wit, on August 15, 1910, and delivered to plaintiff. No money was loaned to the corporation by the plaintiff, but the corporation assumed, it seems, the indebtedness owing from Minnie Lackenbach to plaintiff. The board of directors of the corporation consisted of the plaintiff, her daughter Minnie Lackenbach, and Mrs. R. P. Gabriel. A resolution authorizing the execution of the chattel mortgage was passed by the board, being carried by the votes of plaintiff and Mrs. R. Gabriel, Minnie Lackenbach not voting, having been excused at her own request. More than six months subsequently to the execution of the mortgage and in April, 1911, the defendant herein, acting under executions in the one case and

an attachment in another, levied upon the mortgaged property and took possession thereof, but did not pay or tender to plaintiff the amount of the mortgage debt, or deposit the amount, as required by sections 2968 and 2969 of the Civil Code. In May, 1911, three creditors of the corporation filed a petition to have it declared and adjudged a bankrupt, and a writ of injunction was issued out of the United States district court directed to the defendant herein, restraining him from proceeding to an execution sale of the property here involved pending the hearing and disposition of said petition. The corporation was subsequently adjudged bankrupt, and the property in question was delivered by the defendant to the trustee in bankruptcy. Upon the day of the filing of the petition in bankruptcy the board of directors—the plaintiff not voting—passed a resolution ratifying the execution of the chattel mortgage.

As before stated, the board of directors consisted of three members. Two, therefore, constituted a quorum (Civ. Code, sec. 305). At the meeting authorizing the execution of the chattel mortgage to the plaintiff all the directors were present, but one did not vote: The plaintiff, however, did vote; and as she was an interested party, defendant contends that both the resolution and chattel mortgage were void *ab initio.* The authorities in this state do not go to that extent. They hold that a contract between a corporation and one of its directors by which such director obtains property or some other advantage to himself, is not absolutely void, but is voidable at the instance of the corporation or its stockholders (*Graves* v. *Mono Lake etc. Mining Co.,* 81 Cal. 303, [22 Pac. 665]; *Fudickar* v. *East Riverside I. Dist.,* 109 Cal. 29, 41, [41 Pac. 1024]; *Marsters* v. *Umpqua Valley Oil Co.,* 49 Or. 374, [12 L. R. A. (N. S.) 825, 90 Pac. 151]; 10 Cyc. 1195). It is thus seen that the rule defendant attempts to invoke is solely for the benefit of the corporation and its stockholders, and is not available to him as a defense. Of course the defendant here, if regarded as standing in the shoes of creditors of the corporation, might question the validity of the mortgage on the ground of actual fraud; and the cases hold that fraud will be presumed in favor of a creditor of the mortgagor at the time the mortgage was made. But the question of the good faith of the transaction was not an issue in this case; and if it had been, the findings of the court

based on sufficient evidence, negative the idea that the chattel mortgage was executed with any intention to hinder, delay, or defraud the creditors of the corporation. We cannot agree with the defendant that the plaintiff was bound to follow the property into the bankruptcy proceedings for the purpose of proving her claim and minimizing the damages, or for any other purpose. The mortgage being valid, the levy of the writs and the taking possession of the property without having complied with the provisions of sections 2968 and 2969 of the Civil Code constituted a conversion, and vested the plaintiff at once with a right of action for damages as fixed by section 3336 of the Civil Code, although of course the recovery must be limited to the amount secured by the mortgage (*Rider* v. *Edgar,* 54 Cal. 127; *Irwin* v. *McDowell,* 91 Cal. 119, [27 Pac. 601].)

The defendant persisted in holding the property under the writs mentioned, knowing of the existence of the chattel mortgage and the circumstances under which it was executed. The plaintiff was not required under the law in this state to go to the trouble and incur the expense and suffer the delay of following the property into the federal courts.

The judgment and order appealed from are affirmed.