[Sac. No. 3835. In Bank—March 30, 1926.]

## GENERAL MOTORS ACCEPTANCE CORPORATION (a Corporation), Appellant, v. ROBERT L. DALLAS, as Sheriff, etc., Respondent.

[1] CONVERSION — BURDEN OF PROOF — JUDGMENT. — In an action for damages for alleged wrongful conversion of an automobile, it is incumbent upon the plaintiff to sustain the affirmative of the issue and prove either ownership and the right of possession or actual possession of said automobile in itself at the time of the alleged conversion thereof; and if it fails to prove either that it was the owner of the automobile and entitled to the possession thereof, or that it was in the actual possession thereof when the alleged conversion took place, judgment is properly entered against it.

[2] ID.—TRANSFER OF AUTOMOBILE—COMPLIANCE WITH MOTOR VEHICLE ACT—EVIDENCE—JUDGMENT—APPEAL.—In such an action, where the evidence shows that plaintiff (a finance corporation) was not

---

1.  See 24 Cal. Jur. 1048; 26 R. C. L. 1147.

in the actual possession of the automobile at the time of the asserted conversion, the burden is upon it of proving ownership and the right of possession in itself; and the defendant is not required to introduce evidence at the trial to show a want of ownership in plaintiff within the Motor Vehicle Act, but, on appeal from a judgment in his favor, defendant may have recourse to said act, or any other law, to sustain the judgment.

[3] ID. — LEVY ON AUTOMOBILE BY SHERIFF — FAILURE OF TRANSFEREE TO PROVE RE-REGISTRATION—JUDGMENT—APPEAL.—Under section 8 of the Motor Vehicle Act (Stats. 1919, p. 191), the re-registration in the name of the transferee of an automobile within the time prescribed "is a prerequisite to the passing of title"; and in an action against a sheriff for damages for the alleged wrongful conversion of an automobile, where plaintiff (a finance corporation claiming ownership based upon a written assignment to it by an automobile dealer of a conditional sale contract purporting to have been entered into between said dealer and a purchaser) fails to prove actual possession by it at the time of the alleged conversion, and, although more than ten days elapsed between the date of the assignment to it and the levy by the sheriff, utterly fails to offer any evidence that it had fulfilled the requirements of the Motor Vehicle Act, plaintiff fails to sustain the burden of proof, and the judgment in favor of the defendant must be sustained on appeal, even though such judgment was based upon a different theory.

---

(1) 38 Cyc., p. 2044, n. 57.     (2) 3 C. J., p. 700, n. 76.     (3) 28 Cyc., p. 44, n. 80.

APPEAL from a judgment of the Superior Court of Stanislaus County.  J. C. Needham, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Charles W. Haswell and Haswell & Martin for Appellant.

Hawkins & Hawkins for Respondent.

LAWLOR, J.—This is an action by the General Motors Acceptance Corporation, a corporation, against Robert L. Dallas, as sheriff of the county of Stanislaus, for damages resulting from an alleged wrongful conversion of two automobiles under a writ of attachment levied upon said auto-

---

3.  See 22 Cal. Jur. 668.

mobiles by the sheriff on February 15, 1922, and issued in an action against the Modesto Motor Company, a corporation, plaintiff's predecessor in interest. The General Motors Acceptance Corporation alleges that it was the owner and entitled to the possession of the automobiles in question at the time the sheriff levied upon them. Judgment was entered by the trial court in favor of the sheriff, whereupon the General Motors Acceptance Corporation appealed. The district court of appeal reversed the judgment.

It appears that the appellant's claim of ownership to said automobiles is based upon written assignments to it, dated, respectively, April 9, 1921, and July 20, 1921, by the Modesto Motor Company, for a cash consideration, of two conditional sales contracts purporting to have been entered into between the Modesto Motor Company and the purchasers named in said conditional sales contracts, wherein the respective titles to said automobiles were reserved in the seller until the purchase prices were fully paid. Subsequent to the purported assignment of the conditional sales contracts to the appellant and at the time of the levy on the automobiles in question, they were left in the possession of the Modesto Motor Company (assignor) as, so appellant states, the agent of the assignee (appellant here). The trial court, among other things, found that the appellant was not the owner of the automobiles in question at the time of the alleged conversion by the sheriff. This finding was, apparently, based upon the theory that the appellant had failed to prove the existence of valid conditional sales contracts covering the said automobiles and therefore acquired nothing by the assignment to it of the purported contracts. However, on the appeal the respondent refers to certain provisions of the Motor Vehicle Act (Stats. 1919, c. 147, p. 191) as supporting his contention that appellant had failed, in the trial court, to prove title in itself.

Section 8 of the Motor Vehicle Act reads, in part: "Upon the transfer of ownership of any motor vehicle, the person in whose name such vehicle is registered and the person to whom ownership of such vehicle is to be transferred shall forthwith join in a statement of said transfer endorsed upon the reverse side of the certificate of registration of said motor vehicle in the space provided for said purpose,

which statement shall be signed by the transferor and the
legal owner in the manner and form of his signature con-
tained on the face of said certificate and which statement
shall likewise be signed by the transferee, who shall also
set forth below his signature his post-office address. Said
statement shall include an application by the transferee
for registration of said vehicle in his name. Said certificate
so endorsed and bearing upon the reverse side thereof the
signatures of the transferor and transferee, shall be for-
warded by the transferee within ten days to the depart-
ment together with proper fee of one dollar required by
section seven of this act. The department shall file said
certificate so jointly endorsed by transferor and transferee
and upon receipt of the proper fee as above provided; the
department, if satisfied of the genuineness and regularity
of said transfer, shall register said motor vehicle in the
name of said transferee.

"Upon such registration the department shall issue and
forward to the applicant without further charge than as
provided in section seven of this act, a new registration
certificate in the manner and form as hereinabove pro-
vided for original registration. Until said transferee has
received said certificate of registration and has written his
name upon the face thereof in the blank space provided
for said purpose by the department, delivery of said motor
vehicle shall be deemed not to have been made and title
thereto shall be deemed not to have passed and said in-
tended transfer shall be deemed to be incomplete and not
to be valid or effective for any purpose; . . . " (The
1923 act [Stats. 1923, c. 266, p. 517, sec. 45] is identical in
substance but provides also for a "certificate of owner-
ship," which is to be signed by the parties to a transfer
and forwarded to the motor vehicle department.)

It is contended by the sheriff that "This being an action
in conversion, the burden was upon the plaintiff [appellant]
to prove its own title, and it was compelled to recover on
the strength of its own title and not on the weakness of its
adversary. . . .

"We maintain that the Motor Vehicle Act of 1919
. . . provides for the exclusive method of the transfer
of title and right of possession of a motor vehicle. Said
act provides that upon the transfer of ownership of a motor

vehicle certain acts shall be done by the purchaser and the seller concerning the registration of the automobiles in question, . . .

"So in the instant case, appellant having failed to conform with the provisions of the Motor Vehicle Act, the lien created by reason of the levy of the attachment was superior to any interest acquired by the appellant.

"The title to the automobiles never passed, and . . . the title was still vested in the Modesto Motor Co., Inc. The sheriff had the right, and it was his duty, to attach that interest. If such were not the law, a sheriff could never attach property of one person while it was in the possession of a third party.

"It is a complete defense to an action in conversion to show title in a third person. (*Seymore* v. *Peters,* 67 Mich. 415 [35 N. W. 62].) . . .

"Appellant must base its right of recovery on the assignments alone. It did not comply with the requirements of the statute, and therefore, the 'intended transfer' is not valid or effective for any purpose."

On the other hand, the appellant urges: "It is elementary that an attaching creditor only acquires by virtue of his levy such interest as the creditor [debtor] has at the time of the levy. This being so, it is inconceivable that the attaching creditor could acquire any greater title in the automobile than the Modesto Motor Co. had. It is admitted that the Modesto Motor Co. had, at the time of the levy of the attachment, absolutely no title to the automobiles, they having divested themselves of every interest that they might have had by virtue of the assignment to the plaintiff and further, there is in evidence the contract of bailment showing the conditions under which the automobiles were held by the Modesto Motor Co. . . .

"We will now discuss the point . . . whether or not under Sections 7 and 8 of the Motor Vehicle Act of 1919, the appellant was required to prove in the lower court that he [it] had complied with this section before he [it] could maintain an action in conversion.

"It is to be noted that this question is raised for the first time upon appeal. There is not one iota of evidence nor was there any question raised in the trial court as to whether the General Motors Acceptance Corporation [ap-

198 Cal.—24

pellant] was or was not the legal or registered owner of this property under this section of the act. . . . Not one iota of evidence was introduced by the respondent to show that the plaintiff had failed to comply with Section 8 of the Motor Vehicle Act, nor was the act ever mentioned. This point is disposed of in Cal. Juris., Sec. 393, Vol. 2, where it is held that matters raised for the first time on appeal will be given no consideration. Likewise it has been repeatedly held by this honorable court that it is not necessary to have legal title in a motor vehicle in order to maintain an action in conversion or replevin. . . .

"In other words we contend that a *prima facie* case is made up when we prove an equitable interest in and to the property, or a special interest which is sufficient to maintain a conversion action and we are not required to prove that we have the legal title of the property by exhibiting any legal ownership certificates issued by the Motor Vehicle Department."

We do not think the principle advanced by the appellant —that matters raised for the first time on appeal will not be considered by the reviewing court—can have application to the instant case. Though the provisions of the Motor Vehicle Act were not advanced or relied upon by the sheriff at the trial or before the district court of appeal, and were, for the first time, referred to on rehearing before the latter tribunal, we are of the opinion that this court may properly consider their bearing on the ultimate fact in the case, namely, the ownership of the two automobiles at the time of the alleged conversion.

[1] As this is an action in *conversion,* and not one in replevin, as assumed by the district court of appeal, it was incumbent upon the appellant to sustain the affirmative of the issue and prove either ownership and the right of possession or actual possession of said automobiles in itself at the time of the alleged conversion thereof. (*Green* v. *Burr,* 131 Cal. 236, 238 [63 Pac. 360]; *Zaro* v. *Dakan,* 76 Cal. 565–567 [18 Pac. 680]; *Moody* v. *Goodwin,* 53 Cal. App. 693, 694 [200 Pac. 733]; *Brinkley-Douglas Fruit Co.* v. *Silman,* 33 Cal. App. 643, 651 [166 Pac. 371]; 24 Cal. Jur., pp. 1025 and 1043.) If the appellant failed to prove either that it was the owner of the automobiles and entitled to their possession or that it was in the actual

possession thereof when the alleged conversion took place, judgment was properly entered against it. [2] The evidence clearly shows, as already indicated, that the appellant was *not* in the *actual* possession of the automobiles at the time of the asserted conversion. The burden therefore rested upon it of proving ownership and the right of possession in itself. To adopt appellant's contention that the sheriff should have introduced evidence at the trial to show a want of ownership in appellant within the meaning of the Motor Vehicle Act, and having failed so to do is now precluded from relying on that act, would, in effect, be to shift the burden of proof to the sheriff and make it necessary for him to prove a want of ownership in the appellant. It is plain, therefore, that the sheriff, at this time, may have recourse to the Motor Vehicle Act, or any other law, to sustain his contention that the appellant, in the absence of actual possession, utterly failed to meet the burden of proof resting upon it to show ownership and right of possession in itself at the time of the asserted conversion.

[3] Only one question remains and that is whether or not the appellant, in the absence of such actual possession, did prove ownership and the right of possession in itself. The recent case of *Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 438], involved a consideration of section 8 of the Motor Vehicle Act. Though that case concerned an action in claim and delivery—a mere possessory action in which it is not essential to prove ownership in the plaintiff—certain of the court's language is pertinent and may be referred to here. In that case the conditional sale vendor, in whom title had been retained, assigned the conditional sale contract to the plaintiffs, but did not deliver the registration certificate to the assignees nor was the automobile ever registered in the names of the assignees. Subsequently, the vendee under the conditional sale contract sold the automobile to the defendant Franciscus, in whose name the car was then registered. Upon being informed of this latter sale the assignees of the conditional sale contract brought an action in claim and delivery alleging they were the owners and entitled to the immediate and exclusive possession of the automobile in question. The court stated in part: "The first question presented is whether the failure to comply with the requirements of section 8 of the Motor Vehicle Act

(Stats. 1919, p. 191), as to the transfer of ownership in motor vehicles which are registered under the act precludes the passage of the title to such vehicle. . . .

"The provision in question declares that until the transferee of the 'ownership' in the car has received the original certificate of registration and has written his name upon the face thereof in the blank space provided for that purpose by the department the delivery of said motor vehicle shall be deemed not to have been made and title not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective *for any purpose.* . . . The failure of the transferee of the 'ownership' in the car to procure the registration certificate properly indorsed does not make the sale void *ab initio,* but in the terms of the statute it is incomplete. . . . In the case at bar it is clear that the certificate of registration, which serves the purpose of the certificate of ownership and the certificate of registration provided for in the act of 1923, must have been properly indorsed upon the reverse side thereof by the transferees of the 'ownership' or title or interest in the car, filed with the motor vehicle department and a new certificate of registration issued in the name of appellants before title was completely vested in them and before the transfer could be effective or valid for any purpose. . . .

"Appellants are the transferees of the 'ownership' of the automobile within the meaning of the third paragraph of section 8. Therefore, the failure of appellants to obtain the certificate of registration properly indorsed by themselves and McNabb and to forward it together with an application for re-registration to the department within ten days renders their title invalid as against the respondent.

"We have shown in answer to the first proposition that compliance with section 8 is essential to the transfer of title. . . . "

The court then reiterates that the action was one in claim and delivery—a mere possessory action—and that in such an action it is not essential to plaintiff's recovery that he establish *ownership* in himself. However, it was concluded by the court, from the existence of circumstances peculiar to that case, that an estoppel precluded a recovery even in such a possessory action.

It is readily apparent from this recent interpretation of section 8 of the Motor Vehicle Act that re-registration in the name of· the transferee of an automobile, within the time prescribed, "is a prerequisite to the passing of title." This being so, and in the absence of actual possession by the appellant at the time of the alleged conversion, it was, in our view, incumbent upon the appellant at the trial to prove that it had complied with the provisions of this section. The appellant, however, though more than ten days had elapsed between the dates of the assignments to it of the conditional sales contracts and the date of the levy by the sheriff, utterly failed to offer any evidence that it had fulfilled the requirements of the act and it cannot be held, therefore, that the burden of proof resting upon it of establishing ownership and the right of possession in itself, has been met. The judgment of the trial court in favor of the sheriff, though apparently based upon a different theory, will nevertheless have to be sustained.

Judgment affirmed.

Shenk, J., Lennon, J., Richards, J., Waste, C. J., Curtis, J., and Seawell, J., concurred.

Rehearing denied.