[Civ. No. 5905. First Appellate District, Division One.—January 12, 1928.]

D. T. WINNE, Respondent, v. J. W. FORD, Appellant.

309

Iener W. Nielsen for Appellant.

Ernest Klette for Respondent.

CASHIN, J.—An action in conversion brought by the mortgagee of an automobile against a constable by whom the automobile was levied upon and sold under an execution.

The complaint, among other averments, alleged the execution of the mortgage by the owner of the car, one S. M. Eksoozian, and that the mortgage was unpaid; that the defendant failed to tender or deposit the amount of the mortgage debt, and that no verified statement or bond, as required by section 2969 of the Civil Code, was presented or furnished before the levy and sale. With the exceptions of the allegations of a failure to tender or deposit the amount of the debt the above allegations were denied, as were certain allegations of facts which the plaintiff contends should estop the defendant from asserting a want of title in the mortgagor.

The court found for the plaintiff, and from the judgment entered the defendant appeals.

As stated by the latter in his brief, the only grounds urged for a reversal of the judgment are that certain conclusions of the trial court are unsupported, namely, that there was a failure to comply with the provisions of the code section; that the mortgagor was the owner of the automobile; that the plaintiff acquired a lien thereon and that the facts alleged and found were sufficient to estop the defendant from asserting want of title in the mortgagor.

The code section provides for a tender of the mortgage debt and interest or a deposit of the amount with the county clerk or treasurer payable to the order of the mortgagee before the property is taken by the officer, and it is not claimed that this requirement was met. It further provides that when an attachment or execution creditor presents to the officer a verified statement that the mortgage is void or invalid for reasons therein specified, and delivers to the officer a good and sufficient indemnity bond in double the value of the mortgaged property, which shall be made both to the officer and the mortgagee, indemnifying each of them for the taking of the property against loss, liability, damages, costs, and counsel fees, then the officer shall take the property and, in the case of an execution, sell it in the manner provided by law. Further provision is made for exceptions to the sufficiency of the sureties and their justification in the same manner as upon an undertaking on attachment.

The execution was issued in an action brought by H. W. Nielsen against the mortgagor, and the sale was made, according to the stipulation of counsel, on March 26, 1923. The court found that no verified statement or bond, as required by the code section, was presented or furnished before the sale was made. It appears from the testimony that a verified statement and two bonds were presented and furnished to the defendant, each being dated March 7, 1923; but it was testified by the latter that several days elapsed between the dates when the several bonds were furnished, and that the first failed to comply with the requirements of the statute. The bonds were identified by the defendant and introduced in evidence. The first was made to the

officer, who alone was indemnified against loss or damage. This bond, however, contained certain recitals and provisions which tended to show that both were furnished after the sale had been made. After reciting a previous demand by the mortgagee for the release of the automobile the bond further recited that pursuant to the writ of execution the automobile had previously been sold to the plaintiff in the action, and provided that the sureties would indemnify the officer against loss or liability by reason of the levy and sale in the event it should be determined that the lien claimed by the mortgagee was valid. The second bond complied in form with the statute; and although both bore the same date the recitals and provisions of the first together with the testimony of the defendant, which was vague and uncertain as to when the second bond was received, sufficiently supports the finding that no bond which conformed with the statutory requirements was furnished before the sale. The testimony also shows that the automobile was purchased in the year 1920 under a conditional sale contract made by a dealer with one M. Eksoozian, the son of the mortgagor, and until its sale under execution was registered in the name of the latter with the motor vehicle department. It was testified by the son that a part of the purchase price was paid by him, but sufficient appears from his testimony and that of the plaintiff to support the conclusion that the whole consideration was furnished by the mortgagor for whom the son was acting as agent. Furthermore, it appears from the testimony of the son that the mortgage was executed with his full knowledge and consent, and, according to that of the plaintiff (from which it is apparent that he had no knowledge that the automobile was registered in the name of the son), the mortgagor represented himself to be the owner. It is claimed that under the provisions of the Vehicle Act (Stats. 1919, p. 191) requiring registration, the mortgagor was not the owner of the automobile, and, as a consequence, the mortgage created no lien thereon; and, further, that the mortgage was a transfer within the meaning of the act, and no notice thereof having been filed the mortgage was invalid and insufficient for any purpose.

Section 8 of the act required that upon a transfer of the ownership of any motor vehicle a notice of such transfer

in the form provided should be filed. Subdivision 11 of section 1 of the act provided that the word "owner" as used therein should include any person, firm, association, or corporation having the lawful use or control of the vehicle under a lease or otherwise for a period of ten or more consecutive days, the legal owner being defined by subdivision 11a of the same section as the "owner of the legal title." The act contained no provision requiring notice or a change of registration in the event of the execution of a mortgage upon a motor vehicle, nor was either required until the adoption of the act of 1923 (Stats. 1923, p. 517), which took effect after the execution of the mortgage in question. ▉ Section 17 of the latter act defined a legal owner to be "a person who holds the legal title of a vehicle or a mortgage thereon," and requires such persons to comply with its provisions, but this requirement was inapplicable to a mortgage executed before the act took effect (*Davis* v. *Cline*, 184 Cal. 548 [195 Pac. 42]). ▉ It is the rule, as contended by defendant, that in actions for conversion the plaintiff must prove ownership with the right to possession or actual possession at the time of the alleged conversion (*Green* v. *Burr*, 131 Cal. 236 [63 Pac. 360]; *Zaro* v. *Dakan*, 76 Cal. 565 [18 Pac. 680]; *Moody* v. *Goodwin*, 53 Cal. App. 693, 694 [200 Pac. 733]; *Brinkley-Douglas Fruit Co.* v. *Silman*, 33 Cal. App. 643 [166 Pac. 371]); and the transferee of an automobile who fails to show actual possession or a compliance with the requirement of the Vehicle Act [Stats. 1919, p. 191], that the automobile be re-registered in the name of the transferee, cannot recover in conversion (*General Motors Co.* v. *Dallas*, 198 Cal. 365 [245 Pac. 184]).

▉ But in the present case, while it was not shown that the mortgagor at any time had possession, or that within the provisions of the act of 1919 he was the owner of the automobile, his son nevertheless was in possession and had complied with the act, and the mortgage was executed with his consent. Neither the defendant nor the judgment creditor of the mortgagor claimed the property as against the son, the legal owner, and, had more than the oral consent of the latter been necessary to confer authority to mortgage the automobile, so long as the transaction was not questioned by the parties thereto, the defendant, who was

not in privity with the owner, could not do so; and as to him the mortgage created a valid lien (*Ryan* v. *Tomlinson,* 39 Cal. 639; *Nelson* v. *Colton,* 36 Cal. App. 69 [171 Pac. 701]; *Lackenbach* v. *Finn,* 26 Cal. App. 482 [147 Pac. 471]).

It is our conclusion that the mortgage was a lien upon the property, and that the defendant, by failing to comply with the provisions of section 2969 of the Civil Code, became liable for its conversion (*Phillips* v. *Byers,* 189 Cal. 665 [209 Pac. 557]; *Souza* v. *Lucas,* 156 Cal. 460 [105 Pac. 413]; *Irwin* v. *McDowell,* 91 Cal. 119 [27 Pac. 601]; *Lackenbach* v. *Finn, supra*).

In view of the foregoing it will be unnecessary to consider the sufficiency of the facts to estop the defendant from questioning the title of the mortgagor.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.