BELLE PEPPER KENDALL AND A. L. KENDALL, APPELLANTS, v. HENRY MOUNTAINS MINES, INC., RESPONDENT.

No. 4513

October 2, 1962                    374 P.2d 889

*Vargas, Dillon & Bartlett* and *Alex. A. Garroway*, of Reno, for Appellants.

*Stewart, Horton & McCune* and *Donald Stuart Bab*, of Reno, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

Sometime prior to May 20, 1958, Consolidated Virginia Mining Co., a corporation, became indebted to appellants in the sum of approximately $135,000.

On May 20, 1958, while appellant A. L. Kendall was a director of said corporation, Consolidated executed

and delivered to Henry Mountains Mines, Inc., promissory notes secured by a deed of trust on certain real property situated in Storey County, Nevada.[1] The deed of trust was recorded in Storey County on May 23, 1958, and re-recorded there on October 20, 1958.

Thereafter appellants, in order to satisfy the said obligation owed them by Consolidated, commenced an action and obtained judgment against Consolidated. Execution issued upon the judgment and the said property was sold by the sheriff to appellants and one Henley, who later conveyed his interest therein to appellants. The sheriff's deed was dated March 10, 1961, and recorded March 11, 1961.

Default having been made under the deed of trust, notice of such default was given and the property was advertised to be sold on April 7, 1961. Before the sale took place, this action was commenced by appellants. In their complaint they allege that they are the owners of the property by virtue of the execution sale and the acquisition of Henley's interest; that the trust deed given to respondent is void because its execution was not properly authorized by the board of directors of Consolidated. They pray for a judgment declaring void the deed of trust and restraining respondent from proceeding with a sale of the property thereunder.

It appears from the evidence, and the trial court so found, that on May 17, 1958, notice of a special meeting of Consolidated to be held in New York City on May 20, 1958, at 10 a. m., was mailed from New York City to appellant A. L. Kendall, then one of its directors, addressed to him at Virginia City, Nevada. A. L. Kendall was precluded from attending the meeting because he did not receive the mailed notice thereof in Virginia City until about 10 a. m., May 20, 1958. Consolidated's bylaws provided that "[S]pecial meetings of the board of directors may be called by the president on one day's notice by mail or personally to each director."

During the special meeting held at the noticed time

[1] The notes and deed of trust appear on their face to have been duly executed by the corporation, under its corporate seal, and signed by its president and secretary.

and place, Consolidated was authorized to execute said deed of trust to respondent. The notice had not specified that this matter would come before the meeting, other than the general statement in the notice that at the meeting the board of directors would "consider and act upon any other business that may properly come before the meeting."

The question presented by this appeal is whether a creditor[2] of a corporation, in an action in which fraud was neither pleaded nor proven, may challenge the validity of resolutions of the corporate directors, adopted at a meeting at which one of the directors who had received no notice in accordance with the bylaws, was absent.

The lower court determined "that in the absence of fraud, plaintiffs herein cannot assert an invalid directors' meeting to nullify the notes and deed of trust executed in accordance with the authority granted at such a meeting, and for a valuable consideration, and apparently valid on their face."

Based on this determination the formal findings and conclusions of the trial court recite "that as to the plaintiffs herein, said deed of trust is a valid and subsisting obligation and a valid lien and encumbrance on the property described therein." It thereupon entered judgment that the deed of trust was valid, and ordered the dismissal of the complaint.

We believe this action of the trial court was proper, is fully supported by competent authority, and accomplishes a just result.

In considering a question identical to that presented here, the Supreme Court of Oregon in Marsters v. Umpqua Valley Oil Co., 49 Ore. 374, 90 P. 151, 152–3, 12 L.R.A. (N.S.) 825, said:

"It is claimed that the mortgages in suit are void because given by the corporation to and for the benefit of one of its directors, and that all the directors did not have notice of the meeting at which they were authorized, and that there was not a quorum present

---

[2]Appellants sued as creditors of Consolidated, and not as either directors or shareholders on behalf of the corporation.

at such meeting, exclusive of the plaintiff, who was interested and could not act. These questions would be important, and deserve careful consideration, if urged by the corporation or a stockholder; but a subsequent lien creditor can attack the mortgages on the ground of fraud only. The rule of law which disqualifies a director from binding the corporation by a transaction in which he has an adverse interest is for the protection of the corporation and its stockholders, and the same is true of the provisions of law and the by-laws of the company relative to the meeting of directors, quorums, etc. A director is an agent of the corporation. He cannot, therefore, at the same time act for himself and his principal without full knowledge and free assent of the principal, and, if he assumes to do so, his acts may be avoided by the corporation or its stockholders. Such transactions, however, are not absolutely void; they are only voidable at the instance of the corporation or a stockholder. A corporation or its stockholders may, like an individual, elect to confirm a transaction which could have been repudiated on the ground that the agent had an interest in the matter adverse to his principal, or that the meeting authorizing the transaction was not regularly called or held; and, if the transaction is acquiesced in by the corporation and its stockholders, it becomes as valid and binding as if regularly authorized. A creditor does not, in this respect, stand in the position of the corporation or a stockholder, and he is not entitled to exercise the rights of either. The directors or officers of the corporation are not his agents. Nor is the provision relative to the meeting of directors, quorum, and the like, for his benefit. His right to question a transaction of this character, which has not been repudiated or disaffirmed by the corporation or a stockholder, depends upon its fraudulent character, and not whether it was regularly authorized in the first instance."

A similar conclusion was reached in the case of Lackenbach v. Finn, 26 Cal.App. 482, 147 P. 471. In that case a corporate chattel mortgage was executed pursuant to a resolution of the board of directors which

authorized such action. There as here the question of fraud was not an issue. It was claimed that the board which voted on the resolution was improperly constituted, and as a result its action was void. The court said, 147 P. 472: "It is thus seen that the rule defendant attempts to invoke is solely for the benefit of the corporation and its stockholders, and is not available to him as a defense. Of course, the defendant here, if regarded as standing in the shoes of creditors of the corporation, might question the validity of the mortgage on the ground of actual fraud."

Cases cited by appellants, apparently to the contrary—such as Singer v. Salt Lake City Copper Mfg. Co., 17 Utah 143, 53 P. 1024; Lycette v. Green River Gorge, 21 Wash.2d 859, 153 P.2d 873; First Nat. Bank v. Asheville Furniture & Lumber Co., 116 N.C. 827, 21 S.E. 948; and First Nat. Bank v. East Omaha Box Co., 2 Neb. (Unoff.) 820, 90 N.W. 223, for the most part are distinguishable, because fraud, insolvency, or conveyances in defraud of creditors were involved. In the absence of any of these elements, appellants in the capacity of creditors of Consolidated cannot attack successfully the corporate act of its directors.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.